MOSES DEER

*v.*

COMMISSIONERS OF HIGHWAYS.'

*Filed at Springfield March 26, 1884.*

1.   HIGHWAY—*right of commissioners to change road from that petitioned for.* While the commissioners of highways, by the statute, may "make such changes between the termini of the road specified in the petition, as the convenience and interest of the public, in their judgment, may require," yet they have no right to change either terminus of the road, and if they do so, the proceeding will be quashed on *certiorari.*

2.   CERTIORARI—*office of writ at common law.* It is not the office of a common law writ of *certiorari* to afford the complaining party an opportunity of having his case re-tried, but the object of the writ is to have the proceeding in the inferior tribunal quashed and annulled altogether.

3.   SAME—*hearing is confined to the record.* The hearing on a common law writ of *certiorari* consists simply of an inspection by the court of the record brought before it, for the sole purpose of determining whether the inferior tribunal has proceeded irregularly or exceeded its jurisdiction. It is not proper to receive *ex parte* affidavits to show that a road has, in fact, been located over another and different route than the one shown by the order laying out the same.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. GERE & BEARDSLEY, for the plaintiff in error:

Writ of *certiorari* is the proper method of reviewing the proceedings of commissioners of highways in the laying out

of a public road. *Bailey et al.* v. *McCain et al.* 92 Ill. 278; *Dieterick* v. *Commissioners*, 6 Bradw. 70; *Commissioners of Sonora* v. *Supervisors*, 27 Ill. 140; *Hyslop et al.* v. *Finch*, 99 id. 171; *Commissioners* v. *Harper*, 38 id. 103.

The trial is upon the record alone, but affidavits will be permitted, to explain what would not otherwise be understood. This is a common law writ, and affidavits have constantly been admitted, even to the extent of showing that no jurisdiction existed, where the record stated upon its face the facts necessary to give jurisdiction. *Creeps* v. *Durden et al.* 1 Smith's L. C. 1088; *Knapp et al.* v. *Heller, Town Clerk*, 32 Wis. 467.

The record fails to show that the western terminus of the road, as surveyed, is the same as that called for in the petition. The road, as surveyed, terminates "near," not "at," the point called for. The variation, though small, is fatal. *Shinkle et al.* v. *Magill et al.* 58 Ill. 422.

Mr. FRANCIS M. WRIGHT, for the defendants in error:

*Ex parte* affidavits have never been held admissible on the final hearing of the common law writ of *certiorari*. The case must be tried by the record alone. *Hyslop* v. *Finch*, 99 Ill. 171.

Section 74 of the Road law allows changes to be made in the line of the road as petitioned. Proper notice of the appeal was given. Besides, the order of the supervisors recites that due notice had been given, which is held conclusive. *Wells* v. *Hicks*, 27 Ill. 343.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This writ of error brings before us for review a judgment of the Appellate Court for the Third District, affirming a judgment of the circuit court of Champaign county, quashing a common law writ of *certiorari*, which had been sued out of that court by Moses Deer, plaintiff in error, for the purpose

of having annulled and set aside certain proceedings by the commissioners of highways of Sidney township, the defendants in error, in laying out a public road, which are claimed to be erroneous, illegal and void.

The first objection urged against these proceedings is, that "the record fails to show that the western terminus of the road, as surveyed, is the same as that called for in the petition." If this claim is warranted by the facts, it is certainly fatal to the validity of the proceedings, and they should for that reason have been quashed on *certiorari;* for while the commissioners, upon consideration of the petition, may, under section 74 of the chapter on Roads and Bridges, "make such changes between the termini of the road specified in the petition, as the convenience and interest of the public, in their judgment, may require," yet they have no right to change either terminus of the road. (*Shinkle* v. *Magill*, 58 Ill. 422.) We are of opinion, however, that while the report of the surveyor who laid out the road is not as clear and happily worded as it might have been in fixing its western terminus, yet we think when carefully considered as a whole, in connection with the plat accompanying and constituting a part of the report itself, it clearly and unmistakably appears the corner of sections 4, 5, 8 and 9, town 18 north, range 10 east, is the *western* terminus of the road as surveyed, and hence there is no variance between the survey and the petition in that respect.

The petition calls for the laying out of a road, "commencing at the north-east corner of the west half of the north-west quarter of section 10, in said town, (Sidney,) and running thence west on the section line to intersect the public road running north and south between sections 4 and 5, and 8 and 9," etc. The surveyor's report recites, "that he was called upon to survey a road beginning at the north-east corner of the west half of the N. W. qr. Sec. 10, T. 18 N., R. 10 E., 3d P. M., running thence west over most eligible

route to corner of Secs. 4, 5, 8 and 9, same town and range. Survey was made as follows: Began on N. E. corner W. $\frac{1}{2}$ N. W. $\frac{1}{4}$ Sec. 10, T. 18 N., of R. 10 E., and ran thence west at a variation of 4° 30′, and at $20\frac{07}{100}$ chains I find original corner, as shown by original witness tree; thence west at 4° 20′, and at $30\frac{92}{100}$ chains I strike an elm tree, which the original field notes call for. I produce the line thence straight to a point 47 links west of a rock I find near corner of Secs. 4, 5, 8 and 9, which rock is in line and 47 links too far west. I left a stake $11\frac{1}{2}$ links north of the rock, for future reference." The accompanying plat shows the western terminus of the road to be at the corner of the four sections, as above stated, and across it is the following indorsement by the surveyor: "Road runs from elm, on east side of creek, straight to a point forty-seven links (a short two rods) east of a stone which sets near the section corner. I marked my actual outcome by a stake eleven links north of the rock, for future reference, my back-sight showing the rock to be in line, at proper variation. The controlling points of this survey are the elm and corner for Secs. 3, 4, 9 and 10."

The contention is, that by this survey the road terminates *near*, not *at*, the point called for by the petition and order of the commissioners. This is a misapprehension of the terms used. As we understand the language of the survey, it is the "rock," which is near the corner of sections 4, 5, 8 and 9, the terminal point of the road, and not the terminus of the road itself. This rock, which is said to be near the corner of the above sections, is on the line running, with the proper variations, west from the correct starting point, and is stated in the survey to be *forty-seven links too far west*. Too far west from what? Manifestly, the west end of the road, which, as stated in the surveyor's report itself, was required to coincide with the corner of the sections last above mentioned. But if there could be any doubt of this, it is certainly removed when we look at the indorsement on the plat,

which declares, in so many words, the "road runs (west) \* \* \* *to a point forty-seven links east of a stone* which sets near the section corner,"—of course meaning the same rock or stone which is referred to as being "too far west." Now, if, as is here said, the road runs west on the proper line to a point forty-seven links east of the stone, and the stone is just forty-seven links west of the corner of the above sections, it certainly follows the road terminates at the corner of these sections, as required by the petition and the order of the commissioners, and hence there is no ground for the objection under consideration.

On the hearing in the circuit court, counsel for plaintiff offered to show by affidavits that the road, as established by the county surveyor, is not, as a matter of fact, located on the section line, as stated in the survey,—which, on objection by defendant in error, the court refused to allow, and we think properly. It is clear from what has already been said, whatever the real facts may be in this respect, the record before us shows that the road is located in conformity with the petition and the order of the commissioners, and hence the application to prove by affidavits the road was located over another and different route, was but an offer to contradict the record, and re-try the case upon the merits, so far as this question was concerned, on *ex parte* affidavits. To have permitted this would have been, in effect, giving the plaintiff in error an appeal and trial *de novo* on this question, in a case where the law allows none. It is not the office of a common law writ of *certiorari* to afford the complaining party an opportunity of having his case re-tried, but the object of the writ is to have the proceedings in the inferior tribunal quashed and annulled altogether, and whatever the rule may be elsewhere, it is well settled in this State that the hearing in such a case consists simply of an inspection by the court of the record brought before it, for the sole purpose of determining whether the inferior tribunal has proceeded irregularly or

exceeded its jurisdiction. If it 'has, the proceedings will be quashed, otherwise they will not. *Chicago and Rock Island R. R. Co.* v. *Whipple,* 22 Ill. 105; *Same* v. *Fell,* id. 333; *Commissioners* v. *Supervisors of Carthage,* 27 id. 140; *Commissioners* v. *Harper,* 38 id. 103; *Doolittle* v. *Galena and Chicago Union R. R. Co.* 14 id. 381; *Hyslop* v. *Finch,* 99 id. 171.

In England, and in many of the States, the practice in these cases has been largely modified by statute, and from this cause some confusion and apparent conflict have arisen in the cases. Of course, where there is a statute regulating the subject, that must control, and it is hardly necessary to remark that decisions based on such statutes can have no controlling influence here, where the proceeding rests exclusively on common law grounds. 2 Wait's Actions and Defences, 141.

We do not think any of the other points raised by counsel for plaintiff in error are well taken, or that they are of sufficient importance to demand a discussion at our hands.

The judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY, dissenting:

I concur in the rules of law laid down in this opinion, but think there is error in the construction of the surveyor's return. I think it entirely fails to show that the western terminus is at the intersection of the section line with the north and south road. This point, of course, is on the section line, and two rods east of the section corner,—the north and south road being four rods wide, and the section corner being in the middle of the road. The road in controversy was to be one mile and a quarter long,—was to run on the section line. The first quarter of a mile of the survey was on the section line. There (at the north-east corner of section 9) the surveyor *changed his variation,* and run on that changed course until he intersected the north and south road,

in line with a stone, which he says was *near* the section corner,—not *at* the section corner. If the straight line from the north-east corner of section 9, through the elm, produced, was on the section line, it would have struck the section corner,—not a stone *near* the same. This is error for which the survey should be set aside, unless it was so close as to be unimportant. The affidavits that it is one hundred and ninety feet too far north, were competent.