THE COUNTY OF DUPAGE

*v.*

THE COMMISSIONERS OF HIGHWAYS OF THE TOWN OF WINFIELD.

*Filed at Ottawa October 31, 1892.*

1. BRIDGES—*county aid to build—record essential to support petition.* The determination by the commissioners of highways that a necessity exists for the construction or repair of a bridge, which will serve as the basis of an application to the county board for aid under the statute, is the exercise of a corporate power vested in the commissioners, which can only be exercised at a meeting of such commissioners, and only be shown by the record of their proceedings required by the law to be made and kept. It can not be shown by parol evidence.

2. SAME—*mandamus to compel county aid—defect in records waived.* The fact that the records of the commissioners of highways, at the time of the refusal of the county board to grant aid in rebuilding a bridge, fail to show that they had made the proper orders required of them, will not prevent them from maintaining a *mandamus* to compel the county board to grant such aid, when its refusal is placed on other insufficient grounds, and the highway commissioners show, by an amendment of the records of their proceedings, that they had, before applying for aid, made the necessary determination and order.

3. HIGHWAY-COMMISSIONERS—*amending records.* The commissioners of highways, in a proceeding by *mandamus* to compel a county board

to aid in the construction of a bridge, may show that an amendment of their proceedings was made by or under the direction of the same town clerk who was in office when the first meeting of that body was held, and whose duty it was to make a full and correct record of the proceedings of such meeting, and made while he was still in office, and if he is prevented, by death or other necessity, from perfecting the record, they may show that the amendment was made by the direction of the same commissioners as were at the first meeting, acting officially at a meeting, under evidence that justified their action.

4.    Where the official action of the commissioners of highways necessary to invoke county aid in the construction of a bridge has in fact been had, but by reason of some accident or oversight, or for some other cause, has been omitted by the clerk, it is competent to amend the record so as to correspond with the fact, and when such amendment is made the record as amended, unless impeached, is conclusive.

5.    SAME—*defects in record cured by amendment.* Where the amended record showed that prior to the presentation of petitions for county aid the commissioners of highways had officially determined that it was necessary to construct a new bridge immediately, and that a delay in so doing would be detrimental to the public interest; that the cost of such bridge would be more than twenty cents on the $100 on the latest assessment of the town; that the levy of the road and bridge tax for the year was for the full amount of sixty cents on each $100 allowed by law for the commissioners to raise, and that the major part of this was needed for the ordinary repair of roads and bridges, and that said commissioners had unanimously voted that such bridge should immediately be built and that aid should be asked of the county board, this will entitle the commissioners to county aid, although at the time of the refusal of the county board the records of the commissioners failed to show such official determination and order, if the record of such action is afterward amended to show the facts.

6.    PRACTICE—*objections to evidence waived.* Where an amendment of a record of the proceedings of commissioners of highways in determining the necessity of rebuilding a bridge is given in evidence without objection, it will not be assumed that if objection thereto had been made the commissioners would have been unable to show the amendment was properly made.

7.    Where the record of a proceeding at law fails to show any objection, either general or specific, was made in the trial court to the introduction in evidence of the records of the commissioners of highways, if there is any valid objection to their admission it must be considered as waived.

8.    This court has repeatedly held, in actions and proceedings at law, that when no objection to the admission of testimony is made in

the court below, an objection to it can not be urged for the first time on appeal or error.

9. APPEALS AND WRITS OF ERROR—*judgment of Appellate Court as to facts.* The judgment of the Appellate Court affirming the judgment of the circuit court in awarding a *mandamus,* conclusively settles all questions of fact in favor of the plaintiffs.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DuPage county; the Hon. C. W. UPTON, Judge, presiding.

Mr. JOHN H. BATTEN, and Mr. L. C. COOPER, for the appellant:

To entitle the petitioner to the relief it must be made to appear: First, a necessity of the bridge; second, the cost must be more than twenty cents on the $100 on the latest assessment roll; third, that the levy for the road and bridge tax for that year in the town was for the full amount of sixty cents on each $100 allowed by law to be raised; fourth, that the major part of this was needed for the ordinary repair of roads and bridges; fifth, a careful estimate of the probable cost of the bridge; and sixth, that an emergency existed, and that delay in rebuilding would be detrimental to the public interests. Rev. Stat. chap. 121, sec. 19.

These facts are jurisdictional, and without their existence and concurrence the county board is without power to appropriate money from the treasury. *People* v. *Madison County,* 125 Ill. 334; *Chaplin* v. *Highway Comrs.* 129 id. 653.

Nothing was done by the commissioners until long after the county board had declined to grant aid. It is true, if the alleged record was made in good faith some of these questions were passed upon by the commissioners; but such action on their part was long after the action of the county board.

At the time the county board refused the aid asked the town clerk had no record whatever of any action of the commissioners in conformity with the statute. Subsequently, and

presumably after taking legal advice, a record was made up. We think there was error in the admission in evidence of any of the records.

Mr. Elbert H. Gary, for the appellees:

On the hearing of this case there was abundant proof of all the material facts, and these were proved by the records. It was not necessary to furnish this proof to the county board, especially as no essential fact was questioned at the time. *Supervisors* v. *Town of Condit,* 120 Ill. 307.

It is competent for the town clerk to rectify any error he had made in recording or entering the proceedings, by amending the record so as to state the proceedings truthfully. This power is derived solely from his official character, and does not depend on the leave of the court. *Boston T. Co.* v. *Town of Pomfret,* 20 Conn. 589; *Hartwell* v. *Littleton,* 13 Pick. 229.

It is the duty of the town clerk to record the proceedings and doings of the town, and if, through inadvertence or misapprehension the record has been defectively made, it is competent for him to complete it by amending in accordance with the facts. *Chamberlain* v. *Dower,* 13 Me. 472; *Wills* v. *Battville,* 11 Mass. 480.

An amended record, when offered in evidence, like an original record, is conclusive evidence of its own truth. *Thatcher* v. *Maack,,* 7 Bradw. 635; *Boston T. Co.* v. *Pomfret,* 20 Conn. 589.

If the clerk is temporarily absent, the entries of a clerk *pro tem,* made by direction of the corporate authorities, are competent evidence. *Hutchinson* v. *Pratt,* 11 Vt. 402.

A sheriff was permitted to amend his return on a writ of attachment fifteen months after making a return, after judgment had been rendered in the attachment case, after the expiration of the officer's return, and pending an action against him based on the return. *Jeffries* v. *Rudloff,* 73 Iowa, 60; *Johnson* v. *Donnell,* 15 Ill. 197; *Morris* v. *Schools,* 15 id. 269.

In the case of *People* v. *Madison County,* 125 Ill. 344, it was said by Mr. Justice Shope: "Where the law requires records to be kept, they are the only lawful evidence of the action to which they refer, and such record can not be contradicted or supplemented by parol."

Even the records of a justice of the peace are not required to be kept with technical precision. (*Madison County* v. *Rutz,* 63 Ill. 65; *Bliss* v. *Harris,* 70 id. 343; *Brennan* v. *Shinkle,* 89 id. 604.) And the record may be read in evidence, though not written at the time the proceedings were had, or if corrected by a clerk to correspond with the facts. *Thatcher* v. *Maack,* 7 Bradw. 635; *Ames* v. *Snider,* 69 id. 376.

In a case in Vermont, the clerk of the town, pending the trial, amended the record by adding his signature, as clerk, to the record. His right to do so, though he had been out of office but was again restored, was sanctioned by the Supreme Court, Redfield, C. J., remarking: "We think in general it must be regarded as the right of the clerk of the town, while having the custody of the records, to make any record according to the facts." *Mott* v. *Reynolds,* 27 Vt. 206.

For the purpose of showing the error of the supervisors in the position taken by them, and to sustain the judgment of the circuit court, the following cases are cited. *Supervisors* v. *People,* 17 Bradw. 49; *Supervisors* v. *People,* 19 id. 495; *Supervisors* v. *People,* 24 id. 410; *Supervisors* v. *Town of Condit,* id. 500; *People* v. *Supervisors,* 100 Ill. 640; *Boston* v. *Supervisors,* 110 id. 197; *Supervisors* v. *People,* 118 id. 459; *Supervisors* v. *Town,* 120 id. 301; *Mercer* v. *People,* 121 id. 616; *People* v. *Supervisors,* 125 id. 9; *People* v. *Madison County,* 125 id. 334.

Mr. Justice Baker delivered the opinion of the Court:

This was *mandamus* brought by appellees, the commissioners of highways of the town of Winfield, to compel the board of supervisors of the county of DuPage to appropriate from the

county treasury the sum of $1081.60, the same being one-half the expense of constructing a bridge and its approaches across the DuPage river, on a public road, at Gary's Mills, in said town. The petition for the *mandamus* was based on the provisions of section 19 of the act in regard to roads and bridges in counties under township organization, approved June 23, 1883, and in force July 1, 1883. Laws of 1883, pp. 142, 143.

It seems that on or about the 8th day of February, 1887, the bridge that had theretofore spanned the river at Gary's Mills was washed away by high water; that on the 8th day of March, 1887, the commissioners of highways of the town of Winfield filed with the county clerk a petition, addressed to the county board, and asking for county aid in the rebuilding of the bridge; that on July 11, 1887, the board of supervisors refused such aid; that on July 25, 1887, said commissioners of highways filed with the county clerk a supplemental petition, again asking the county to aid in the rebuilding of said bridge; and that on September 13, 1887, the board of supervisors again refused to grant aid, and thereupon this petition for a writ of *mandamus* was filed in the circuit court of said DuPage county. The averments of said petition stated a case within the provisions of the section of the statute referred to above, and the county of DuPage, appellant herein, interposed an answer, which traversed all the material allegations of such petition. A jury was waived, and the issues joined between the parties were submitted to the court. The court found such issues in favor of appellees, and rendered a final judgment against the appellant and awarded a peremptory writ of *mandamus*, commanding the appropriation from the county treasury of said sum of $1081.60. The judgment so rendered was afterwards affirmed in the Appellate Court for the Second District.

One of the assignments of error here made is, that the Appellate Court erred in not reversing the judgment of the circuit court because of the refusal of the latter court to admit proper

evidence offered by appellant.   We are unable to find, either in the abstract or in the record, that appellant made any offer to introduce any testimony whatever that was denied by the court, and in the briefs and arguments our attention is not called to any such refusal.   We therefore conclude that this assignment of error was inadvertently made.

Another of the assignments of error is, that the Appellate Court erred in not reversing the judgment because of the admission by the circuit court of improper evidence on behalf of the petitioners, over the objections of the appellant.   From the briefs and arguments that are filed we understand that this assignment of error has reference to the admission in evidence of the record of a meeting of the commissioners of highways of the town of Winfield held on the 16th day of September, 1889, and of an amended record of a meeting of said commissioners held on the 1st day of March, 1887.

Section 10 of the act of June 23, 1883, provides that the town clerk shall be *ex officio* clerk of the board of highway commissioners, and shall keep a record of all the official acts and proceedings of the board in a well-bound book to be provided for that purpose; and the two records now in question were contained in and read from a book which was identified as the record book of the commissioners of highways of the town of Winfield.   Said two records were offered and introduced in evidence together, counsel for the highway commissioners stating at the time that the amendment in the record of the proceedings of the meeting of March 1, 1887, was inserted pursuant to the vote of said commissioners, at the meeting of September 16, 1889, to correct the record of said meeting of March 1.   One of the two records so read in evidence was as follows:

"At a meeting of the commissioners of highways of the town of Winfield, duly called and held on the 16th day of September, A. D. 1889, C. D. Clark was appointed clerk *pro tem*, the clerk being absent from the county, and thereupon it was, on

motion, duly and unanimously voted that the minutes and records of the previous meeting of the board be amended and corrected to correspond with the fact, by inserting the following on page 398, before the record of the bridge contract:   It being necessary to construct a new bridge across the DuPage river, in said town, at Gary's Mills, so called, immediately, and a delay in so doing being detrimental to the public interest, and the cost of such new bridge being more than twenty cents on the $100 on the latest assessment of said town, and the levy of the road and bridge tax for this year being for the full amount of sixty cents on each $100 allowed by law for the commissioners to raise, and the major part of which is needed for the ordinary repairs of roads and bridges, unanimously voted that such bridge be immediately built as provided by law, and that aid be asked of the county board, as provided by statute."

And the other of said records was as follows:

"At a meeting of the commissioners of highways held on the first day of March, A. D. 1887, at Gary's Mills bridge site, for the purpose of letting the contract of building a high truss iron bridge over the DuPage river, there were present, H. H. Martin, R. S. Chandler and F. J. Hageman.  It being necessary to construct a new bridge across the DuPage river, in said town, at Gary's Mills, so called, immediately, and a delay in doing so being detrimental to the public interest, and the cost of such new bridge being more than twenty cents on the $100 on the latest assessment of said town, and the levy of the road and bridge tax for this year being for the full amount of sixty cents on each $100 allowed by law for the commissioners to raise, and the major part of which is needed for the ordinary repairs of roads and bridges, unanimously voted that such bridge be immediately built as provided by law, and that aid be asked of the county board as provided by statute."

The record does not show that any objection, either general or specific, was made in the trial court to the introduction in evidence of these records, or either of them.   If there was any valid objection to their admission it must be considered that it was waived by appellant.   We have so often held, in actions and proceedings at law, that where no objection to the admission of testimony is made in the court below an objection to it can not be urged for the first time on appeal or error, that a citation of authority to that effect is deemed wholly unnecessary. We can not assume that if objection had been made appellees would have been unable to satisfactorily show the amendment was made by or under the direction of the same town clerk who was in office when the meeting of March 1, 1887, was held, and whose duty it was to make a full and correct record of all the proceedings of said meeting, and made while he was still in office as such clerk, and therefore under the sanction of his oath of office, and perhaps even made from written memoranda or minutes made and kept by him, or, in the event such clerk was prevented, by death or other necessity, from perfecting the record, unable to show such amendment was made by order and direction of the same highway commissioners by whom the proceedings had at the first meeting were transacted, acting officially at a meeting of the board, and to supplement the record of such order and direction with evidence that justified the making of the same.   It follows that appellant can take nothing by the assignment of error under consideration, and for the reason that it has no sufficient basis in the facts of the trial as disclosed by the record.

It is claimed to be error that the Appellate Court did not reverse the finding and judgment of the circuit court, on the ground that they were contrary to the law and the evidence in the case.   It sufficiently disposes of this claim to say, that under the statute the judgments of the Appellate and circuit courts conclusively settle all questions of fact in favor of appellees, and that no questions of law were preserved at the

trial by the submission of propositions in writing to be held or refused by the court. *Bridge Co.* v. *Comrs. of Highways,* 101 Ill. 518; *Fitch* v. *Johnson,* 104 id. 111; *Edgerton* v. *Weaver,* 105 id. 43; *National Bank* v. *National Bank,* 131 id. 547, and authorities there cited.

It is urged that it was error to award, upon the record as it stands, a peremptory writ of *mandamus* against the county. On July 11, 1887, the board of supervisors refused to grant the aid that was asked in the first petition of the highway commissioners, and on September 13 of that year, a supplemental petition having been presented, they again refused to aid in the construction of the bridge. As we have already seen, it was conceded by appellees in open court that the amendment of the record of the proceedings of the meeting of March 1, 1887, was not made until on or after September 16, 1889, and so it necessarily follows that at the times of the filing of each of the petitions for aid, and at both of the times that the board of supervisors refused to grant aid, there was on the records of the proceedings of the highway commissioners no record whatever of any action taken by the highway commissioners in conformity with the requirements of the statute granting aid.

In *The People ex rel.* v. *Madison County,* 125 Ill. 334, it was held that the determination by the commissioners of highways that a necessity exists for the construction or repair of a bridge, which will serve as the basis of an application to the county board for county aid under the statute, is the exercise of a corporate power vested in the commissioners, which can only be exercised at a meeting of such commissioners, and only be shown by the record of their proceedings required by the law to be made and kept. The question there at issue was whether or not parol evidence is admissible for the purpose of showing the official action of the highway commissioners in the premises, and it was held it was not. In discussing that question the court said: "Before the county

board could be legally moved in the matter, or any legal duty be cast upon them, the commissioners must have determined that such necessity existed, and have preserved the evidence of that fact in their record. In the proceeding then before the circuit court, the corporation (the commissioners of highways) could only speak by their record, unaided by parol testimony." In the proceeding at bar the commissioners spoke in the circuit court only by their record, but by that record as amended.

By the language above quoted from the opinion in the *Madison County case* it was not intended to intimate that upon the trial of the issues there joined, which are substantially like those here joined, an amended record of the proceedings of a board of highway commissioners would not be competent evidence. Where the official action which is the subject of a proposed amendment has in fact been had, but by reason of some accident or oversight, or for some other cause, has been omitted by the clerk from the record of the proceedings of the board, both reason and the authorities show that it is competent to amend the record to correspond with the fact, and that when such amendment is made the record as amended, unless impeached, is conclusive. *Welles* v. *Battelle*, 11 Mass. 476; *Hartwell* v. *Littleton*, 13 Pick. 229; *Boston Turnpike Co.* v. *Town of Pomfret*, 20 Conn. 590; *Hutchinson* v. *Pratt*, 11 Vt. 402; *Mott* v. *Reynolds*, 27 Vt. (1 Williams,) 206; *Chamberlain* v. *Dover*, 13 Me. 466.

In the case at bar it is conclusively shown by the amended record that prior to the presentation of either of the petitions for county aid the highway commissioners had officially determined that it was necessary to construct a new bridge immediately, and that a delay in so doing would be detrimental to the public interest; that the cost of such new bridge would be more than twenty cents on the $100 on the latest assessment of the town; that the levy of the road and bridge tax for the year was for the full amount of sixty cents on each $100

allowed by law for the commissioners to raise, and that the major part of this was needed for the ordinary repairs of roads and bridges, and that said commissioners had unanimously voted that such bridge should be immediately built as provided by law, and that aid should be asked of the county board as provided by statute. But it appears from the record in this cause that said official determinations, acts and proceedings of the highway commissioners had not, at the times when the applications for aid were made and refused, been entered upon the record of the proceedings of said commissioners. It is manifest from the record in this cause, taken as a whole, that the highway commissioners have a meritorious case, and that it is just and right that the county should pay one-half the cost of the bridge and its approaches. Does the delay in recording the determinations, acts and proceedings in question preclude appellees from having a peremptory writ of *mandamus* awarded to them in this suit? In our opinion it should be held that it does not. In denying the first petition for aid, the county board stated upon their records the grounds for such denial. The reasons given for refusing assistance were, that the reasonable cost of the bridge would not exceed twenty cents on the $100 of the last year's valuation; that the levy for road and bridge purposes in the town was less than sixty cents on the $100, and that the major part of the sixty cents was not needed for ordinary repairs of roads and bridges. The reasons stated upon the record for denying the supplemental petition for aid were, that no emergency existed justifying the construction of the bridge before applying to the county board for aid, that the contract price and amount expended for the bridge were more than was necessary for the purpose, and that the major part of the tax levies was not needed for ordinary repairs of roads and bridges. No claim was made by the board of supervisors, either that the highway commissioners had not officially ascertained and determined the necessary statutory facts, or that their acts and

determinations in that behalf had not been entered upon the record of their proceedings.

The case at bar is materially different from *The People ex rel.* v. *Madison County, supra.* Here the commissioners did in due time, officially and as a board, ascertain and determine the statutory facts essential to a right to call on the county for aid, and proved the same by introducing in evidence the record of their proceedings in that behalf. In the *Madison County case,* on the contrary, no record evidence was produced to show that the then commissioners had ever taken official action such as the statute required, and it was sought to show such action by oral testimony. The first sentence of the language quoted above from the opinion in that case is to be read in connection with the next succeeding sentence, and is to be considered in the light of the questions then under examination, the necessity of official action on the part of the commissioners, and of record evidence of such action. Here, we see no good reason why the amended record should not be held to speak as of the day when the proceedings which it records were in fact had, and as appellant, in refusing the aid that was asked for, did not base its refusal on the ground that there had been no such proceedings, or on the ground that they had not been entered upon the records of the commissioners, we are unable to see that allowing the amended record so to speak works any injustice or hardship to appellant. We think that there was no error in awarding a peremptory *mandamus.*

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*