Board of Education, etc., v. Trustees of Schools, etc.

1. JURISDICTION—*Of Inferior Tribunals—Must be Shown by Their Records.*—In a proceeding by certiorari to review the action of an inferior tribunal of limited jurisdiction, the reviewing court is limited to inspection of the record of the inferior tribunal, and the record must affirmatively show jurisdiction.

2. SCHOOLS—*Changes in School Districts—Trustees' Records Must Show Jurisdictional Facts.*—The provision of the school law that, after school trustees shall consider a petition to change districts in their township, no objection shall be made to its form, and that thereafter their action shall be *prima facie* evidence that all the formal requirements of the law have been complied with, does not dispense with the necessity of their records showing the jurisdictional facts, upon the existence of which their power to act depends.

3. SAME—*School Trustees May Amend Their Records.*—Where the official action of a board of school trustees, which is the subject of a proposed amendment, has, in fact, been had, but by reason of some accident or oversight, or for some other cause, has been omitted by the clerk from the record of the proceedings of the board, the record may be amended to correspond with the facts.

4. SAME—*Changes in School Districts—Amendments of the Records of School Trustees—Appeals to County Superintendent.*—A petition was presented to a board of school trustees asking for a change in certain school districts, and the petition was considered and the request granted, but the record of the proceedings of the trustees, as made up by the clerk, was defective in important particulars. At a later date, such records were amended by a vote of the board. On writ of certiorari to determine the legality of the proceedings of the board, it was contended that, the amendment of the record being retroactive, operated to cut off all right of appeal to the county superintendent of schools, and hence, was improper. *Held,* that this would be a serious objection if it appeared that any one entitled to appeal was prejudiced, but that, in the case under consideration, it could have no weight, as no one had been deprived of the right to appeal by the action of the trustees in amending their records.

5.  SAME—*Liability of School Directors for Costs.*—The board of directors of a school district, seeking by writ of certiorari to annul the action of the trustees of schools of their township in reference to a change in the boundaries of the district, are not liable for costs.

6.  PRACTICE—*Waiver of Objections.*—Where the record does not show an objection in the trial court to the introduction of a record amendatory of the records of a board of school trustees, objections, if any, are waived.

Petition, for writ of certiorari. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1897. Affirmed in part and reversed in part. Opinion filed March 3, 1898.

O. R. BARNETT, attorney for appellant.

CHARLES C. ARNOLD, attorney for appellees.

A clerk authorized by law to keep a record may amend the same to correspond with the facts. Chamberlain v. Dover, 13 Me. 472; Welles v. Battelle, 11 Mass. 480; Boston Turnpike Co. v. Town of Pomfret, 20 Conn. 590; Hartwell v. Inhabitants of Littleton, 13 Pick. 229; Dillon on Municipal Corporations, 296; Rev. Stat. of Ill., Chap. 122, Art. 3, Sec. 24.

A legislative or judicial body may amend its record to correspond with the facts. Turley v. County of Logan, 17 Ill. 151; County of Du Page v. Martin, 39 Ill. App. 298; County of Du. Page v. Commissioners, 142 Ill. 617.

A record when amended imports absolute and uncontrollable verity, and is conclusive evidence of the facts which it states. Commissioners v. Supervisors, 27 Ill. 143; Thatcher v. Maack, 7 Ill. App. 635; Donahue v. County of Will, 100 Ill. 102; Village of Gilberts v. Rabe, 49 Ill. App. 418; Boston Turnpike Co. v. Town of Pomfret, 20 Conn. 590; Halleck v. Inhabitants of Boylston, 117 Mass. 469; County of Du Page v. Commissioners, 142 Ill. 616; Gebbie v. Mooney, 121 Ill. 255.

An amendment of a record may properly be made during the pendency of a proceeding which questions the sufficiency of such record. Weed v. Weed, 25 Conn. 494; County of Du Page v. Martin, 39 Ill. App. 298; Village of

Gilberts v. Rabe, 49 Ill. App. 418; Turley v. County of Logan, 17 Ill. 151; Tucker v. Hamilton, 108 Ill. 464.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of the Circuit Court rendered on final hearing of a petition of appellant for a writ of certiorari directed to appellees, and a return to said writ.    The court dismissed the petition, quashed the writ, and rendered judgment against appellant for costs.

The petition was filed March 24, 1897, and alleges, in substance, that by an act of the legislature, approved March 29, 1869, to incorporate the village of Glencoe, it was provided that the territory within the limits of the village and all additions thereto, should be a school district; that the district never had any specific name, but it appeared on the official records of Cook county as " District No. 1," and was sometimes called District No. 1, and sometimes School District Glencoe; that, by election, the district was brought under the general school law, and that the petitioner was the duly elected Board of Education of the district; that in the official record of a meeting of the Trustees of Schools of Township No. 42, Range No. 13, Cook county, Illinois, appellees, held April 6, 1896, the following appears : " The petition signed by O. E. Poole and others to detach the territory, viz. (describing it), from said District No. 1, and add it to District No. 2 in Township No. 42, Range 13 in said county.    Motion of J. J. Flanders that the petition of O. E. Poole and others be granted."    That it nowhere appears from any official record of said trustees, that said petition was signed as required by statute, nor that Poole and others had been duly served, nor that any legal voters of School District No. 1 were present at said meeting, nor that ever said motion was put to a vote or carried; that at a meeting held April 13, 1896, the record of the proceedings of the meeting of April 6, 1896, was read and approved; that May 18, 1896, the township treasurer of Township No. 2, filed with the county clerk a map showing

the territory in question a part of District No. 2, and that petitioner, appellant, caused a bill in equity to be filed in the Superior Court of Cook County, against the county clerk and said trustees, for an injunction restraining him and them from recognizing said territory as a part of District No. 2, and from spreading a tax thereon, and for other relief, which is still pending. The petition then proceeds to aver that the trustees, at a pretended special meeting held July 25, 1896, by a certain preamble and resolution directed the clerk to correct the record of the proceedings of the meeting of April 6, 1896, in a manner which will be hereinafter mentioned, and that the clerk amended the said record so as to show that the said motion of J. J. Flanders was put and carried. The petition also alleges that William Meier, one of the trustees who voted at the meeting of July 25, 1896, was not a trustee April 6, 1896, having subsequently been elected to succeed one Lauerman, whose term of office had in the meantime expired, etc. The petition, after averring the absence from the record of jurisdictional facts, etc., prays for a writ of certiorari, and that the proceedings of the trustees in the premises be quashed and set aside.

April 2, 1897, appellees entered a special appearance, and moved to quash the writ, which motion was overruled by the court April 19, 1897, and appellees were ordered to file, within ten days, a transcript of their record. May 4, 1897, a motion of appellant to quash appellees' return to the writ was sustained, and a rule was entered requiring appellees to file record within ten days. The return, which was quashed by this order, does not appear in the record, although the clerk certifies that the transcript is full and complete. May 8, 1897, appellees filed what purports to be an amended return to the writ, which shows that at a meeting of the trustees held April 6, 1896, trustees John Ling, J. J. Flanders and J. P. Lauerman being present, the following, among other proceedings, were had :

" The petition signed by O. E. Poole and others to detach this territory, namely, ' the north ½ of N. W. ¼ of section 17 and that part of Frac. S. W. ¼ of Frac. Sec. eight (8)

lying south of a line extending from the *middle south line* (*sic*) of the last named quarter section to a point in the east line of said quarter section eight and four one-hundredths (8.04) chains north of the southeast corner of said quarter section' from said District No. 1, and add it to District number two (2), in township 42, range 13, in said county.

" Motion of J. J. Flanders, the petition of O. E. Poole and others be granted, that the president put said motion to vote, and that on said vote said motion was unanimously carried."

Also, that at a meeting held April 13, 1896, John Ling, J. J. Flanders and William Meier being present, the following, among other, proceedings were had :

" Minutes of last meeting read and approved." The minutes of this meeting of April 13, 1896, concluded with a motion to adjourn, which seems to have been carried, and then follow the signatures :

" John Ling, President.

" Baptist Mueller, Clerk."

Following the signatures of the president and clerk, and not being any part of the minutes of any meeting of appellees, is inserted what purports to be a decision or opinion of Orville T. Wright, county superintendent of schools, in the matter of an appeal of Benjamin Newhall and others from the action of the trustees of township 42, range 13, detaching certain territory from District 1 and adding same to District 2, in said township.   The superintendent appears to have dismissed the appeal for want of jurisdiction, on the ground that it appeared from the statement of the appellants that they were not present at the meeting of the trustees, April 6, 1896.

The return then sets out what purports to be the minutes or record of the proceedings of the trustees at a special meeting held July 25, 1896, in pursuance of notice by the president, Trustees Ling, Flanders and Meier being present. The minutes, after reciting that the clerk of the board delivered to the county clerk an incomplete record of the proceedings of the meeting of April 6, 1896, which record

was incomplete in failing to show that the president of the
board put the motion of J. J. Flanders, trustee, and that
the same was unanimously carried, it was resolved that the
clerk be directed to insert in the record, immediately after
the statement of motion of J. J. Flanders, that the petition
of Poole and others be granted; the further statement that
the president put said motion to vote, and that on said vote
the said motion was unanimously carried; and that the clerk
be further directed to correct the copy delivered to the
county clerk by inserting therein the same matter. Trustees
Meier and Ling voted aye, and Trustee Flanders, no, on the
resolution. Then follows what purports to be a petition,
signed by O. E. Poole and seven others, to the trustees to
detach the territory in question from District 1, and add it
to District 2; a certificate, signed by Poole, that the names
signed to the petition " are the names of all the legal voters
living in said territory;" what purports to be a notice to the
directors in District No. 1, etc., signed by Poole, that Poole
and others had filed with the clerk of the board of trustees
of township 42, the above mentioned petition; a certificate
by Poole that he served said notice on J. L. Dewar, presi-
dent of the directors (Board of Education) of School District
No. 1, etc., March 12, 1896; also a certificate by Poole that
he served a like notice of Cyrus Kehr, president of the
directors (Board of Education) of School District No. 2,
March 10, 1896. " Endorsed: Filed in my office this 12th
day of March, 1896.          Baptist Mueller, Clerk."

Then follows a certificate of the clerk of the board of
trustees that the foregoing are true copies, etc., " as the
same and each of the same was on March 25, 1897." Then
follows what purports to be the minutes of a special meeting
of the trustees, held April 27, 1897, Ling, Parker and Meier,
trustees, being present, which minutes are as follows:

" Whereas, At the regular meeting of this board held
April 6, 1896, there was presented to this board a petition,
signed by Robert Watt, O. E. Poole, George Scott, F. J.
Gage, L. J. Norton, Wm. Schultze, John S. Taylor and
Charles Swanson, asking that the following territory, to-wit:

The north half of the northwest quarter of section 17, and that part of fractional southwest quarter of fractional section 8 lying south of a line extending from the middle of the south line of the last named quarter section to a point in the east line of said quarter section 8.04 chains north of the southeast corner of said quarter section, be detached from District No. 1 of this township and added to District No. 2 thereof; and

" WHEREAS, It was at said meeting ascertained and determined by this board (1), that the signers of said petition were all legal voters living within the territory described in said petition as aforesaid, and that said signers constituted more than two-thirds of the legal voters living within said territory; (2) that said petition had been filed with the clerk of this board at least twenty days before the date of said regular April meeting; (3) that a copy of said petition, together with a notice in writing of the said making and filing of said petition, signed by one of said petitioners, to-wit, O. E. Poole, had been delivered by the said O. E. Poole more than ten days before the said April 6, 1896, to the respective presidents of the board of directors of said Districts No. 1 and 2 in said township; and

" WHEREAS, A motion that the prayer of said petition be granted was carried by the unanimous vote of this board; and

" WHEREAS, The facts heretofore recited are not set out in full in the record of this board for said regular meeting;

" Now, THEREFORE, be it resolved and ordered that the clerk of this board be and he is hereby directed to correct and amend and supplement said record to conform to the facts hereinbefore recited by inserting in the record of said meeting, at the end of the first paragraph of said record which relates to said petition, and immediately after the words ' in said county,' the following, to-wit: ' was taken up and considered, and it was then and there ascertained and determined by the board that said petition was signed by more than two-thirds of the legal voters living within the territory described in said petition, and that said petition was

filed with the clerk of this board at least twenty days before the regular April meeting of this board for 1896, and that a copy of said petition, together with a notice in writing of the said making and filing of said petition, signed by one of the petitioners, was sent more than ten days before the date of said regular April meeting for 1896, to the president of the board of directors of each of the said Districts No. 1 and 2 of said township, and forthwith to amend and correct the transcript of the record of this board in that behalf heretofore filed with the county clerk of Cook county, to conform to said amendment of the record of this board.'

"Trustee Parker voting aye; Trustee Meier voting aye; Trustee Ling voting aye. Whereupon the president declared the said motion carried and said resolution adopted.

"On motion of Trustee Meier to adjourn, seconded by Trustee Parker, the president put the motion and declared the meeting adjourned.

"JOHN LING, President.
"BAPTIST MUELLER, Clerk."

"Whereupon, in accordance with said resolution, the clerk of said respondent did amend and correct the record of the meeting of said April 6, 1896, by inserting into said record the matter by said resolution directed so to be inserted, so that the record of said meeting of said April 6, 1896, as thus amended, now reads and is as follows, to-wit:

"April 6, 1896.

"At the regular meeting of the Board of School Trustees of Town 42, Range 13, in Cook county, Ills., held at the office of Baptist Mueller, in Wilmette:

"Present, Trustees John Ling, J. J. Flanders and J. P. Lauerman. First petition taken up signed by J. Hepp and others asking to detach Sec. 19 from Dist. 2 to Dist. 3. It was ordered that said petition be dismissed for informality.

"The petition signed by O. E. Poole and others to detach this territory, namely, the north $\frac{1}{2}$ of N. W. $\frac{1}{4}$ of Section 17, and that part of Frac. S. W. $\frac{1}{4}$ of Frac. Sec. eight (8), lying south of a line extending from the middle south line of the last named quarter section to a point in the east line

of said quarter section eight and four one-hundredths (8.04) chains north of the southeast corner of said quarter section from said District Number 1 and add it to Dist. Number (2), in township 42, range 13, in said county, was taken up and considered and it was then and there ascertained and determined by the board that said petition was signed by more than two-thirds of the legal voters living within the territory described in said petition, and that said petition was filed with the clerk of this board at least twenty days before the date of the regular April meeting of this board for 1896, and that a copy of said petition, together with a notice in writing of the said making and filing of said petition, signed by one of the petitioners, had been delivered by said petitioner more than ten days before the date of said regular April meeting for 1896, to the president of the board of directors of each of the said Districts No. 1 and 2 in said township, and on motion of J. J. Flanders the petition of O. E. Poole and others be granted : ' That the president put said motion to vote, and that on said vote said motion was unanimously carried.'

" Minutes of last meeting read and approved.

" Motion of J. J. Flanders, the treasurer's salary be the sum of four hundred dollars per annum. The treasurer's books and accounts were examined and found correct.

" Motion of J. J. Flanders to adjourn to April 13, 1896, to John Ling's office, Chicago, at 2 P. M.

" John Ling, President.<br>" Baptist Mueller, Clerk."

Then follows the certificate of the clerk, under date of May 8, 1897.

May 14, 1897, the appellant moved the court to quash and strike from the record the parts thereof which purport to be a copy of the decision of the county superintendent of schools, and the petition of Poole and others, which motion the court reserved until the hearing, and then overruled.

The decision or opinion of the county superintendent was no part of the record of the official acts of the board of trustees, and was improperly made a part of the return.

We can not perceive, however, how the presence in the return of either the opinion of the county superintendent or the petition of Poole and others, could prejudice appellants. The former was absolutely immaterial and irrelevant, and the substance of the latter appears in other parts of the record of the official acts of the trustees set out in the return.

It is contended by appellees' counsel, first, that the record of April 6, 1896, as amended by the record of the meeting of July 25, 1896, was a sufficient compliance with the law. In support of this contention counsel rely on Sec. 53 of Art. 3 of Chap. 122 of the statutes, which provides as follows: " If on the day of the regular meeting, or, in case of adjournment, at the adjourned meeting, it shall appear that such provisions have been complied with, then the trustees shall consider the petition, and shall also hear any legal voters living in the district or districts that will be affected by the change, if made, who may appear before them to oppose the petition, and they shall grant or refuse the prayer of the petitioners without unreasonable delay. After the trustees shall consider the petition, no objection shall thereafter be raised to its form, and their action shall be *prima facie* evidence that all the formal requirements have been complied with." 3 S. & C. St., 3665, par. 82.

The record of the meeting of April 6, as amended at the meeting of July 25, 1896, reads as follows:

" The petition signed by O. E. Poole and others to detach the territory, viz.: (here the territory is described) from said District No. 1, and add it to District No. 2, in Township No. 42, Range 13, in said county.

" Motion of J. J. Flanders that the petition of O. E. Poole and others be granted. The president put said motion to vote, and on said vote the said motion was unanimously carried."

The provisions referred to in section 53 are those contained in section 50, article 3 of the statute, which is as follows: " No petition shall be acted on by the board of trustees unless such petition shall have been filed with the clerk of the

said board of trustees at least twenty days before the regular meeting in April, nor unless a copy of the petition, together with a notice in writing, signed by one or more of the petitioners, shall be delivered by the petitioners, or some one of them, at least ten days before the date at which the petition is to be considered, to the president or clerk of the board of directors of each district whose boundaries will be changed if the petition is granted." 3 S. & C. Stat., 3664, par. 79.

None of these jurisdictional facts are recited in the above mentioned amended record, but appellees' counsel, relying on the concluding words of section 53, quoted *supra*, contend that it is not necessary that such jurisdictional facts shall so appear; that the mere fact that appellees acted in the premises is *prima facie* evidence that the jurisdictional facts existed. We can not agree with this contention. The language of the statute is, " after the trustees shall consider the petition, no objection shall be thereafter raised as to its form, and their action shall be *prima facie* evidence that all the *formal* requirements of law have been complied with." Can it be said the jurisdictional facts mentioned in section 50, quoted *supra*, in case of the non-existence of which the trustees are expressly prohibited from acting, upon the existence of which their power to act depends, are mere formal requirements? We apprehend not. They are essential and substantial requirements. It is thoroughly settled by numerous adjudications in this State, that in a proceeding by certiorari to review the action of an inferior tribunal of limited jurisdiction, the reviewing court is limited to inspection of the record of the inferior tribunal, and that the record must affirmatively show jurisdiction. Whittaker v. Village of Venice, 150 Ill. 195; Lees v. Drainage Commissioners, 125 Ill. 47; Deer v. Commissioners of Highways, 109 Ill. 379; Gerdes v. Champion, 108 Ill. 137; Miller et al. v. Trustees of Schools, 88 Ill. 26; Frizell v. Rogers, 82 Ill. 109.

The record of the meeting of April 6, as amended by the meeting of July 25th, failing to show jurisdiction, was

clearly insufficient. The only remaining questions are as to whether the clerk of the board, either of his own motion, or by direction of the trustees, could amend the record of the proceedings of the meeting of April 6, 1896, as purports to have been directed at the meeting of April 27, 1897, and, if so, whether the record, as so amended, is sufficient.

In County of Du Page v. Commissioners of Highways, 142 Ill. 607, it appeared that a record of the proceedings at a meeting of the commissioners held March 1, 1887, was amended at a meeting held September 16, 1889, in respect to which the court say: "Where the official action which is the subject of a proposed amendment has in fact been had, but by reason of some accident or oversight, or for some other cause, has been omitted by the clerk from the record of the proceedings of the board, both reason and the authorities show that it is competent to amend the record to correspond with the fact, and that when such amendment is made, the record, as amended, unless impeached, is conclusive," citing numerous authorities which fully sustain the text.

In County of Du Page v. Martin, 39 Ill. App. 307, the court say a town clerk may amend according to the facts, citing cases. It is the duty of the clerk of the board of school trustees to record the official proceedings of the board. 3 S. & C., 3657, par. 52.

In another part of the opinion the court say: "We can not assume that if objection had been made, appellees would have been unable to satisfactorily show the amendment was made by or under the direction of the same town clerk who was in office when the meeting of March 1, 1887, was held, and whose duty it was to make a full and correct record of all the proceedings of said meeting, and made while he was still in office as such clerk, and therefore under the sanction of his oath of office, and perhaps even from written memoranda or minutes made and kept by him," etc. The court further held that the record not showing any objection in the trial court, either general or specific, to the introduction of the amendatory record, the objection, if any, was waived. As before stated, the only objections to any

part of the return made by the appellant in the trial court, so far as appears from the record, were to the written opinion of the county superintendent of schools and the petition of Poole and others. Therefore, all objection to the record amendatory of the record of the proceedings of the meeting of April 6, 1896, must be deemed to have been waived. The fact that pending the suit the record was amended, can not affect the question of the power to amend.

In Tucker v. Hamilton, 108 Ill. 464, the record, pending a writ of error to the Supreme Court, was amended in the Circuit Court, and this was held proper. See also Village of Gilberts v. Rabe, 49 Ill. App. 418.

Is the record of the proceedings of April 6, 1896, as amended by the meeting of April 27, 1897, sufficient? The record has been fully referred to. It sets out all jurisdictional facts, and is, in our opinion, sufficient. Appellant, however, claims that the action of the board in amending the record being retroactive, operated to cut off all right of appeal to the county superintendent of schools. This would be a serious objection if it appeared that any one entitled to appeal was prejudiced, but it does not so appear. The right of appeal is limited by the statute to the petitioners and to legal voters who may have appeared before the trustees at the meeting when the petition was considered, and opposed the same. 3 S. & C. Stat., p. 3665, par. 83.

Appellant's petition for the writ, verified by affidavit, avers, on information and belief, that no legal voter of School District No. 1, other than Trustee Flanders, was present at the meeting of April 6, 1896, nor does it appear from appellant's petition, or otherwise from the record, that any legal voter of either district, excluding the trustees and the clerk, was present at that meeting.

The petitioners, their petition being granted, could not well appeal, and no legal voter having appeared and opposed the petition, there was no one who could appeal—consequently no one has been deprived of the right of appeal by the action of the appellees.

Appellant, being a school board consisting of school

officers, is not liable for costs.   3 S. & C. Stat. 3729, par. 289; School Directors v. School Directors, 135 Ill. 464.

The judgment will be reversed as to so much thereof as adjudges that the respondents, appellees, shall recover their costs of the petitioner, appellant, and as to all else the judgment will be affirmed; neither party to recover costs of this court.

Affirmed in part and reversed in part.