THE BOARD OF EDUCATION OF GLENCOE

*v.*

THE TRUSTEES OF SCHOOLS.

*Opinion filed October 24, 1898.*

1. AMENDMENT—*board of education may amend record of a previous meeting to show the facts.* A board of education may order the clerk to amend the record of a previous meeting to show the facts although the *personnel* of the board has changed, as the authority for such amendment does not rest upon the personal recollection of the members of the board, but upon the knowledge of the clerk, or such files, minutes or memoranda as put him in possession of knowledge of what transpired at such meeting.

2. For a statement of this case the court refers to the opinion of the Appellate Court reported in 74 Ill. App. 401, and approves the same as properly disposing of the substantial questions involved.

*Board of Education v. Trustees of Schools,* 74 Ill. App. 401, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

OTTO RAYMOND BARNETT, for appellant.

CHARLES C. ARNOLD, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This proceeding is upon a common law writ of *certiorari* issued out of the Cook county circuit court, directed to the trustees of schools of township No. 42, etc., in that county, commanding them to submit to the court for its inspection a transcript of the record of their proceedings at certain specified meetings. A hearing was had in the circuit court upon the return, the writ quashed and the petition dismissed at the cost of petitioner. The Appellate Court, upon appeal, reversed the judgment of the circuit court in so far as it gave judgment for costs against the petitioner, (appellant here,) and sustained the judgment quashing the writ. From that part of the judgment

of the Appellate Court affirming the judgment of the circuit court appellant appeals here.

A very full statement of the case is reported with the opinion of the Appellate Court, (74 Ill. App. 401,) and it is unnecessary to repeat it.

The petition attacks the record of the proceedings of the trustees on the ground that it shows upon its face that they acted without jurisdiction. The record sought to be reversed by the petition was of a proceeding to detach certain territory from one district and add it to another in the township of which the respondents were trustees. They acted first upon the petition asking for the change on April 6, 1896, but the only record of the proceedings at that meeting is the following: "The petition signed by O. E. Poole and others, to detach the territory (describing it) from said district No. 1 and add it to district No. 2, in township No. 42, range 13, in said county. Motion of J. J. Flanders that the petition of O. E. Poole and others be granted." At a meeting held April 13, 1896, the foregoing record was read and approved. At a meeting held July 25 following, it was voted to amend the record of the previous meeting to make it show that the motion mentioned in the record of that meeting was put and unanimously carried. The clerk thereupon made the amendment. It will be seen that neither the original nor amended record to this date recites any of the jurisdictional facts which by section 50 of article 3 of the School law (Hurd's Stat. 1889, p. 1224,) must exist to authorize the trustees to act in such case. It was held by the Appellate Court, and we think properly, that for want of such recital of the jurisdictional facts the record, as amended July 25, 1896, was fatally defective. The complete record, however, further shows that at a subsequent meeting of the board held April 27, 1897, the clerk was ordered to make a further amendment of the record of the proceedings had on April 6, 1896, which was done, and we think it clear that by this amendment the record is com-

plete, showing that the trustees had jurisdiction in the premises, and that their action in granting the prayer of the petition was in all things regular.

The point most earnestly urged by counsel for appellant against the last amendment of the record is, that the trustees had no power, at the subsequent meeting, to order the clerk to make the amendment. This point was decided adversely to appellant by the Appellate Court, citing the decision of this court in *County of DuPage* v. *Comrs. of Highways,* 142 Ill. 607. That case we regard as in point and sustaining the conclusion reached.

While the objection that the trustees had no power to order the clerk to amend the record at a subsequent meeting goes both to the amendment of July 25 and that of April 27, it is insisted that the latter amendment is not only unauthorized by reason of the time at which it was made, but also upon the ground that there had been a change in the personnel of the board of trustees, only one of the three members of April 6, 1896, being in office April 27, 1897. We are unable to see upon what legal principle the change in the membership of the board could affect its power to direct its clerk to make amendments of this character. The authority of the board to make such an order, if it exists, does not depend upon the personal recollection of the individual members of the board, but upon the knowledge of the clerk, or such files, minutes or memoranda which put him in possession of knowledge of what actually transpired. The statute makes it his duty to be present at all meetings of the board, and to record in a book to be provided for the purpose, all their official proceedings, and it also makes him liable to a penalty for a failure to perform that duty. The resolution at the special meeting on April 27, 1897, was but a direction to him to perform that duty, and presumably he knew what had been done, and, after the resolution of the board, did that which he should have done before. (See *County of DuPage* v. *Comrs. of Highways, supra.*) In our view of the case the

legality of the amendment does not depend so much upon the resolution of the board of trustees, as it does upon the presumption that the clerk was in possession of knowledge of the facts recited in the preamble of the resolution and had failed to record them, and could have done so, in the discharge of his duty, as well before as after the passage of the resolution. We reach this conclusion the more readily because the jurisdictional fact as to presenting the petition to the board "twenty days before the regular meeting in April," and the delivery of a copy thereof, at least ten days before the date at which the petition was to be considered, to the president or clerk of the board of directors of each district whose boundaries were to be changed if the petition was granted, were matters which must have appeared from the files in the proceeding. It has not been the rule in this court to exact of public officers of these *quasi* municipalities the highest degree of accuracy or formality in the discharge of their duties, for the reason that to do so would result in injury to the public.

If it be said that here was an unreasonable lapse of time between the proceeding and the recording thereof, it may also be said that there was unnecessary delay in the attempt on the part of the petitioner to set aside the re-districting.

We regard the opinion of the Appellate Court in this case as fully and fairly disposing of the substantial questions involved, and while, on the question last considered, the case of *Covington* v. *Medcalf*, 1 Metc. (Ky.) 295, seems to be an authority against the view herein expressed, we are not disposed to follow it.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*