ROSWELL E. GOODELL, Plaintiff in Error, *v.* CHARLES D. TOWNSEND, Defendant in Error.

#### ERROR TO LA SALLE.

The sheriff in whose custody a prisoner may be at the time of his conviction, if the prisoner is sentenced to the penitentiary, is required to discharge the duty of, and is entitled to the compensation allowed for, conveying the prisoner to the penitentiary.

THIS cause was submitted, by agreement of parties, to WILSON, Judge, presiding, in the La Salle Circuit Court, at a special term held in June, 1852.

The facts of the case are stated in the opinion.

T. L. DICKEY and W. H. L. WALLACE, for plaintiff.

GLOVER & COOK, for defendant.

TREAT, C. J. Cummings was indicted in the county of La Salle for the crime of larceny. The venue was changed to the county of Kendall, where he was convicted and sentenced to the penitentiary. The sheriff of Kendall county conveyed the prisoner to the penitentiary, and received from the State $78.46 for performing the service. The sheriff of La Salle county then brought an action of assumpsit against him, claiming to recover this amount as so much money had and received to his use. On this state of facts, the Circuit Court entered a judgment in favor of the defendant.

The decision was clearly right. The statute declares, that "it shall be the duty of the sheriff of the county where the conviction was had, to employ a sufficient force to guard all convicts to the penitentiary; and the sheriff shall be responsible for the safe delivery of such convicts." Rev. St. ch. 81, § 36. This provision expressly imposes the duty on the sheriff of the county in which the accused is convicted, and it clearly follows that he is entitled to the compensation given by the statute for performing it. The fourteenth section of ch. 105, Rev. St., does not embrace this case. That section only applies to cases where the prisoner is to be punished by imprisonment in the county jail. In those cases, the county in which the offence was committed is responsible for the expense of keeping the prisoner, and he is therefore remanded into the custody of the sheriff of such county. But the charges for conveying a prisoner to the penitentiary are borne by the State; and the sheriff, in whose custody he may be at the time of conviction, is required to discharge the duty, and is consequently entitled to the compensation.

The judgment is affirmed.

*Judgment affirmed.*