HENRY E. GERDES

*v.*

ROSWELL CHAMPION.

*Filed at Ottawa November 20, 1883.*

1. CERTIORARI—*at common law—when it lies.* The common law writ of *certiorari* may be awarded to all inferior tribunals and jurisdictions when it appears that they have exceeded the limits of their jurisdiction, or in cases where they have proceeded illegally, and no appeal is allowed, or no other mode is provided for reviewing their proceedings.

2. SAME—*trial on record alone.* The court awarding a writ of *certiorari* where the record is sent up, tries the case on the record alone. The trial is had by an inspection of the record,—not on any issue of fact, but of law, rather, as on a writ of error.

3. SAME—*duty of inferior court on service of the writ.* Where the writ is issued and served, it becomes the duty of the inferior court or body to whom it is directed to transmit a full and complete transcript of the record of the proceedings of which complaint is made, properly certified, to the court awarding the writ.

4. SAME—*to test legality of laying out a highway.* The commissioners of highways refused to grant the prayer of a petition for the laying out of a highway, and their order was filed in the town clerk's office, whereupon a.

party interested appealed from the decision of the commissioners, by filing, as he claimed, the necessary papers before a justice of the peace. The latter selected and summoned three supervisors to hear the appeal, who made a preliminary order granting the prayer of the petition, and then filed with the justice a certificate, under section 78 of the Road act of 1879, asking for a jury to assess damages. The justice issued a *venire* for a jury, and fixed a day for the trial, when a common law writ of *certiorari* was served upon him: *Held*, that the writ could bring nothing before the court except the petition for the appeal, the appeal bond, and the certificate asking for a jury, these being the only papers required to be filed before the justice, and that as no court could decide, from these alone, the legality of the proceedings, the writ was properly dismissed. The writ should not have been sued out until the proceedings were completed, and the papers filed with the town clerk.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Whiteside county; the Hon. JOHN V. EUSTACE, Judge, presiding.

Messrs. J. & J. DINSMOOR, for the appellant:

The common law writ of *certiorari* may be issued to all inferior tribunals, etc., where it is shown that they have exceeded their jurisdiction, or have proceeded illegally, and no appeal or other mode of reviewing their proceedings is provided. *Loomis* v. *Wilkinson*, 13 Ill. 660.

The right to appeal in a road matter is a jurisdictional fact, which must appear on the record. All matters and proceedings relating to laying out roads are to be considered *stricti juris*. *Frizell* v. *Rogers*, 82 Ill. 109; *Warne* v. *Baker*, 35 id. 382; *Commissioners* v. *Harper*, 38 id. 103.

By statute (section 98 of the Road law of 1879) the appeal is not to the supervisors, but to the justice, and until the supervisors close up their part of the business the record of the proceedings remains with the justice, and must be treated as a cause before him. Hence it follows that the writ of *certiorari* should be sent to the justice while the appeal is pending before him.

No one can appeal from the decision of the commissioners except he is "one interested." Road law 1879, sec. 98, Rev. Stat. chap. 121.

As to construction of statute finding who are interested, see *Taylor et al.* v. *Town of Normal*, 88 Ill. 526; *Whitmer et al.* v. *Commissioners*, 96 id. 289; *Town of Oswego* v. *Kellogg*, 99 id. 590.

The fact that proceedings in this case might be void for want of jurisdiction, is no reason why they may not be reversed where the record is brought up by a common law writ of *certiorari*. *Loomis* v. *Wilkinson*, 13 Ill. 660.

Messrs. MANAHAN & WARD, for the appellee:

It is not essential that the party appealing shall be an owner of land over which the projected road passes, as it was under the law of 1861. *Whitmer* v. *Commissioners of Highways*, 96 Ill. 289; *Town of Oswego* v. *Kellogg*, 99 id. 590.

The *status* of the person appealing from the order of the commissioners, under the old law might rest *in pais*. *Commissioners of Highways* v. *Supervisors*, 53 Ill. 320; *Town of Winfield* v. *Moffatt*, 42 id. 48.

The statute requires the original petitioners for the road to be freeholders, yet the petition need not allege that they are such. (Stager on Highways, 124; *Brown* v. *McCord*, 20 Ind. 270.) And where the question arises collaterally, proof of the *status* of the petitioners may be made by parol. *Austin* v. *Allan*, 6 Wis. 134; *Bushnick* v. *Meresole*, 10 Wend. 122.

The record of this road is an entirety, although a part of it is with the town clerk, part with the appellee, and the residue, as yet uncompleted, with the supervisors before whom the appeal is pending. The writ bringing up only the papers before the justice, can not suffice to determine the jurisdiction of the supervisors.

Appellant should wait until the record of this proceeding shall be embodied in the final order of the supervisors and

deposited with the town clerk. Then the writ of *certiorari* will bring up the entire record, by which the jurisdiction of the supervisors must stand or fall. The recitals of that final order, if of jurisdictional facts, will be enough to confer jurisdiction. *Commissioners of Highways* v. *Magill,* 58 Ill. 422; *Frizell* v. *Rogers,* 82 id. 109; *Hawkins* v. *Galloway,* 88 id. 155.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a common law writ of *certiorari,* in the circuit court of Whiteside county, issued on petition of Henry E. Gerdes, against Roswell Champion, a justice of the peace, requiring him to send up a record of certain proceedings before him in regard to laying out a certain highway.

It appears that the commissioners of highways of the town of Hopkins, in Whiteside county, had received a petition praying for the laying out of a highway in the town. The commissioners, upon the hearing, refused the prayer of the petition. The order was indorsed on the petition and duly filed in the town clerk's office. One Tumbleson appealed from the decision of the commissioners to three supervisors, by filing, as he claims, the necessary papers before appellee, a justice of the peace. The justice summoned three supervisors to hear the appeal, who, upon the hearing, made a preliminary order granting the prayer of the petition. The supervisors then filed with appellee, a justice of the peace, a certificate, under section 78 of the Road and Bridge act, asking for a jury to assess the damages. The justice issued a *venire* for a jury, and fixed upon a day for trial, when this writ of *certiorari* was issued commanding him to send up a transcript of his record of the said proceedings had before him as justice of the peace. The circuit court, on motion, dismissed the writ, and this decision was affirmed in the Appellate Court. The petitioner not being satisfied with the decision of the Appellate Court, has prosecuted this appeal.

The common law writ of *certiorari* may be awarded to all inferior tribunals and jurisdictions where it appears that they have exceeded the limits of their jurisdiction, or in cases where they have proceeded illegally, and no appeal is allowed, and no other mode is provided for reviewing their proceedings. (*People ex rel. Loomis* v. *Wilkinson*, 13 Ill. 660.) In speaking of this writ, in *Commissioners* v. *Harper*, 38 Ill. 107, it was said : "The common law writ of *certiorari* is the only mode by which the entire record of the proceedings of an inferior tribunal can be brought into the circuit court. That writ brings up a full and complete transcript of the record of the proceedings of which complaint is made, and when brought up the superior court tries the case on the record alone. * * * The trial is had by an inspection of the record,—not on any issue of fact, but of law, rather, as on a writ of error." In *Commissioners* v. *Supervisors*, 27 Ill. 143, it is said : "When issued and served, it becomes the duty of the inferior court, or body to whom it is directed, to transmit a full and complete transcript of the record of the proceedings of which complaint is made, properly certified, to the court awarding the writ."

It is contended here that the petition for an appeal filed before the justice of the peace by Tumbleson was not sufficient to authorize the justice to entertain it. It will be observed that the petition to establish the highway, and all the proceedings upon it by the commissioners of highways, are on file in the office of the town clerk. The justice of the peace to whom this writ was directed was not the custodian of any part of the proceedings relating to the laying out of this road, except the petition for an appeal required by section 99, chapter 121, of the Revised Statutes of 1874, and the bond required by section 102, and the certificate required by section 78, calling for a jury to assess damages. All other papers and proceedings relating to this highway were either in the office of the town clerk or in the hands of the

three supervisors to whom the appeal was taken. This writ of *certiorari* could properly bring nothing before the court except the petition filed with the justice for an appeal, the appeal bond, and the certificate calling for a jury to assess damages. Could the circuit court, or any other court, in an intelligent manner pass upon and determine whether the supervisors had jurisdiction to lay out this road on this small fraction of a record of the proceedings brought up on this writ? The answer is obvious. The only intelligent manner in which the action of the supervisors could be passed upon and determined would be to bring up the entire record of the proceedings had in regard to the road, from the commencement down to and including the last and final order. Under section 101 the supervisors are required to "make a report of their proceedings and decision in the case, and in like manner that is by this act required by the highway commissioners, * * * and their decision shall be final." Section 89 is the section of the statute fixing the duties of the commissioners after they have made and signed an order laying out the road. It is there declared: "The commissioners shall, within ten days from the date of such order, cause the same, together with the report of the surveyor, the petition and releases, or agreements in respect to damages, to be deposited and filed in the office of the town clerk, who shall note upon such order the date of such filing." After the three supervisors shall have completed the proceedings and made return to the town clerk, if they acted without jurisdiction it will then be time enough to raise that question, when all the proceedings relating to the road can be brought before the court for examination. As that time has not arrived, and as there was nothing but a small part of the record before the circuit court, the court decided right in quashing the writ.

The decision of the Appellate Court will be affirmed.

*Judgment affirmed.*