E. T. GLENNON

*v.*

FRANK BURTON.

*Filed at Ottawa, January 19, 1893.*

1. CERTIORARI — *at common law — when it lies — its effect.* A writ of *certiorari* at common law to review the record of a justice of the peace for illegality in the proceeding does not lie until the justice has rendered a final judgment. The writ can not be made to operate as an injunction and restrain a tribunal from acting beyond its jurisdiction.

2. The common law writ of *certiorari* does not lie to review the record of the proceedings of an inferior tribunal, if the party seeking its issue has any other mode of review.

3. This writ will not lie merely because proceedings have been commenced before a tribunal that has no jurisdiction, when the tribunal has not taken final action on them, and has made no order which must,

of itself, injuriously affect the party suing out the writ, unless it shall be annulled by a court of review.

4. JUSTICE OF THE PEACE — *order not a final judgment.* In a proceeding to condemn gambling implements before a justice of the peace, a simple finding by the justice that the property seized is "gambling implements and devices," and a continuance of the case to a future day named, is not a final judgment that may be reviewed on *certiorari.* No final process can issue on such an order.

APPEAL from the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

Mr. CHARLES B. OBERMEYER and Mr. JOHN S. MILLER, for the appellant :

The writ of *certiorari* should not have been issued in this case. *Drainage District* v. *Griffin,* 134 Ill. 340; *People* v. *Betts,* 55 N. Y. 141.

Mr. EDWARD H. MORRIS, for the appellee:

*Certiorari,* as at common law, is the proper way to set aside the action of inferior tribunals in cases where they have proceeded without jurisdiction, exceeded their jurisdiction, or otherwise proceeded in violation of law. *People* v. *Wilkinson,* 13 Ill. 660; *Commissioners* v. *Supervisor,* 27 id. 140; *Hyslop* v. *Finch,* 99 id. 171.

The rule is the same whether the proceedings before the inferior court be civil or criminal. *Dean* v. *The State,* 63 Ala. 153; *Memler* v. *State,* 75 Ga. 576; *Ex parte Lange,* 18 Wall. 163.

The writ may be allowed before the final determination of the case in the inferior court. *Mowery* v. *Camden,* 4 Cent. Rep. 566.

Appellant rather earnestly contends that *certiorari* will not lie because it was within the power of appellee to have appealed from appellant's order as justice of the peace in the case of *The People, etc.,* v. 75 *Custom House Place,* and in

support of his position cites section 62, of chapter 79, of Revised Statutes of Illinois.

The above section applies only to civil cases and actions of debt for penalties, and gives no right of appeal in criminal cases. *Edwards* v. *Vandemack*, 13 Ill. 633; *Ward* v. *People*, id. 635; *Town of Partridge* v. *Snyder*, 78 id. 519. `

The law which gives the right of appeal from a justice's judgment in a criminal case is division 9, chapter 38, section 449 of Criminal Code, Starr & Curtis' Statutes, page 854.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This appeal is from a judgment of the Circuit Court of Cook county, quashing, on *certiorari*, the record of a justice of the peace of that county in a case wherein the People, etc., are plaintiffs, and No. 75 Custom House Place is defendant. The transcript of the record, certified as a return to the writ, shows that no final judgment had 'been given in the case when the writ was sued out, and that the case was still pending before the justice of the peace for final decision when the Circuit Court gave judgment quashing the record.

The transcript recites, in that respect, as follows: "Court adjudged the property seized on search warrant to be gambling implements and devices. Case continued to December 18, 1892." Manifestly, no final process of any kind can issue on this order. No judicial effect legally follows from the simple finding of fact that the property seized is "gambling implements and devices." It may be that when final judgment shall be given, the justice will adjudge that the property seized be released. Certainly, nothing in this transcript precludes, or is inconsistent, with the giving of such judgment. We can not assume, in advance of its action, that a tribunal will exercise a power with which it is not lawfully invested. Nor can *certiorari* be made to operate as an injunction, and restrain a tribunal from acting beyond its jurisdiction, however well grounded may be apprehensions in that respect. The office of

the writ is only to bring before the court issuing it the record of the inferior tribunal for review. And it is elementary that the party suing out the writ shall have no other mode of review. *People* v. *Wilkinson*, 13 Ill. 660. Here, however, for aught that we can discover, the party suing out the writ has a complete mode of review, in that he may have the justice before whom the proceeding is pending decide that the property seized be released. It is, undoubtedly, competent for the justice to decide that he has no jurisdiction in the case, or that, for other reasons, the property seized shall not be destroyed ; and if he shall decide, in this respect, correctly, there can be no reason for resorting to *certiorari*. It is nowhere asserted to be the law that *certiorari* will lie merely because proceedings have been begun before a tribunal that has no jurisdiction of them, when the tribunal has not taken final action upon them, and has made no order which must, of itself, injuriously affect the party suing out the writ, unless it shall be annulled by a court of review. This writ was prematurely sued out. *Gerdes* v. *Champion*, 108 Ill. 137 ; *Lynde* v. *Noble*, 20 Johns. 80 ; *Haines* v. *Backus*, 4 Wend. 219.

The judgment of the Circuit Court is reversed, and the cause is remanded to that court, with directions to enter an order dismissing the writ.
*Judgment reversed.*