THE PEOPLE *ex rel.* W. H. Stead, Attorney General, *et al.* *vs.* THE SUPERIOR COURT OF COOK COUNTY AND WILLARD M. McEWEN, Judge.

*Opinion filed April 23, 1908—Rehearing denied June 5, 1908.*

1. APPEALS AND ERRORS—*a judgment affirmed by Supreme Court must be regarded as free from all error.* When a judgment is affirmed by the Supreme Court, all questions raised by the assignments of error, and all questions that might have been so raised, are to be regarded as finally adjudicated against the appellant or plaintiff in error, and the judgment must be regarded as free from all error.

2. SAME—*affirmance of judgment of conviction is an adjudication that the judgment is valid.* An affirmance by the Supreme Court of a judgment convicting a person of crime is an adjudication that the judgment of conviction is valid, even though such question was not raised by the assignments of error and the defendant claims that he did not discover the defect until after the judgment had been affirmed and his petition for rehearing denied.

3. HABEAS CORPUS—*effect of fact that circuit courts have concurrent jurisdiction with Supreme Court in habeas corpus.* The fact that circuit courts and the superior court of Cook county have concurrent jurisdiction with the Supreme Court in *habeas corpus* cases does not authorize those courts to decide a question contrary to the way it has already been decided by the Supreme Court, and they have no power to overrule or review the decision of the Supreme Court dealing with questions either of law or fact.

4. SAME—*when the lower court is without jurisdiction to issue writ.* Circuit courts and the superior court of Cook county, or the judges thereof, have no jurisdiction to issue a writ of *habeas corpus,* although the petition for the writ alleges that the judgment of conviction is void, where it also appears from the petition that the judgment has been affirmed by the Supreme Court, since such fact is conclusive that the judgment is valid and that the prisoner is not entitled to be released, admitted to bail or otherwise relieved by reason of any alleged errors in the record of his trial.

5. SAME—*issuance of writ of habeas corpus is not a mere matter of course.* The writ of *habeas corpus* should never issue unless a petition is presented which is in substantial accord and compliance with the provisions of the statute, and which shows upon its face that the prisoner is entitled to his discharge.

6. SAME—*a judgment of conviction is binding upon courts of concurrent jurisdiction as to matters adjudicated.* A judgment of

conviction by a court having jurisdiction of the offense and of the person of the defendant is an adjudication that the verdict is one which will support the judgment, and such adjudication is binding upon courts of concurrent jurisdiction. (*People* v. *Murphy,* 212 Ill. 584, followed.)

7. CERTIORARI—*the Supreme Court has no original jurisdiction in certiorari.* The Supreme Court has no original jurisdiction in *certiorari,* but may direct the issuance of the writ as auxiliary or ancillary to, or in aid of or to protect, its appellate jurisdiction; but it is not essential that the cause in which the Supreme Court's appellate jurisdiction has been invoked shall still be actually pending in that court.

8. SAME—*Supreme Court may issue certiorari to prevent unlawful interference with its judgment.* Where the Supreme Court, upon writ of error, has affirmed a judgment of conviction and has directed the lower court·to carry out the sentence, that court, and the agencies made use of to carry out the Supreme Court's direction, become the agencies of the Supreme Court, and any unlawful interference with such agencies in carrying out the sentence is an illegal infringement of the Supreme Court's appellate jurisdiction, which may be aided and protected by the writ of *certiorari.*

9. SAME—*when Supreme Court may issue certiorari to quash habeas corpus proceedings.* The affirmance by the Supreme Court of a judgment of conviction must be regarded by the lower courts as a final determination that the judgment is valid and that there are no errors in the record, and if any *nisi prius* judge having jurisdiction in *habeas corpus* enters an order granting the writ for any alleged error in the record, his act is a wrongful interference with the Supreme Court's appellate jurisdiction, and *certiorari* may issue to quash the proceedings without waiting for a final determination of the case.

ORIGINAL petition for *certiorari.*

· W. H. STEAD, Attorney General, and JOHN J. HEALY, State's Attorney, (CHARLES F. MANSFIELD, and JAMES J. BARBOUR, of counsel,) for petitioners:

Affirmance by the Supreme Court is conclusive upon the parties and all courts and persons, and affirmance of conviction is *res judicata.* Rev. Stat. chap. 37, sec. 13, and chap. 38, sec. 465; *Field* v. *People,* 2 Scam. 79; *State* v. *Judge,* 38 La. Ann. 277; *Julian* v. *Beal,* 34 Ind. 371; *Arm-*

*strong* v. *Poole,* 30 W. Va. 666; *Ex parte Dubuque,* 1 Wall. 69; *In re Potts,* 166 U. S. 263; *State* v. *White,* 40 Fla. 314; *Watson* v. *Avery,* 3 Bush. 640; *Lyon* v. *Circuit Judge,* 37 Mich. 378.

The Supreme Court retains jurisdiction of the causes adjudicated by it for all time, for the purpose of preserving, protecting and enforcing its judgments, decrees and determinations. Black on Judgments, secs. 527, 601.

The Supreme Court has unlimited appellate jurisdiction. *Haines* v. *People,* 97 Ill. 161; Const. of 1870, art. 6, sec. 2; *People* v. *Circuit Court,* 169 Ill. 201; *Crull* v. *Keener,* 17 id. 246; *Canby* v. *Hartzell,* 167 id. 628; *Martin* v. *Hunter's Lessee,* 1 Wheat. 304; *State* v. *Johnson,* 103 Wis. 591; *Tennessee* v. *Campbell,* 109 Tenn. 640; *Peak* v. *People,* 76 Ill. 289; *Harris* v. *Barber,* 129 U. S. 366; *Cooke* v. *Reinhart,* 1 Rawle, 317; *Scates* v. *Railway Co.* 104 Ill. 93; *Hamilton* v. *Harwood,* 113 id. 154; 4 Ency. of Pl. & Pr. 37; *Supervisors* v. *Magoon,* 109 Ill. 142; *Glennon* v. *Britton,* 155 id. 237.

The issuance of the writ of *certiorari* out of the Supreme Court may be in aid of its appellate powers. *State* v. *District Court,* 24 Mont. 539; Hurd's Stat. chap. 37, secs. 7, 8, 13; chap. 38, sec. 662; *Field* v. *People,* 2 Scam. 79; *People* v. *Circuit Court,* 169 Ill. 201.

Appellate power by *certiorari* is exercised in *habeas corpus* cases. *State* v. *Dobson,* 135 Mo. 1; *Ex parte Alabama,* 10 L. R. A. 1129; *Martin* v. *District Court,* 86 Pac. Rep. 82; *Doyle* v. *Commonwealth,* 107 Pa. St. 20; *People* v. *Donnelly,* 21 How. 406.

Jurisdiction of the subject matter in the particular case must affirmatively appear upon petition for *habeas corpus.* Rev. Stat. chap. 65, sec. 5.

The Supreme Court alone can review errors and irregularities in proceedings in criminal or circuit courts, and any proceeding in a circuit or superior court to exercise such powers is an unwarranted and unlawful assumption of and

an invasion of the appellate powers of the Supreme Court. Rev. Stat. chap. 37, sec. 13; *People* v. *Murphy,* 212 Ill. 584.

An order discharging a prisoner on *habeas corpus* is void and may be treated as a nullity if the court has not jurisdiction. *Spalding* v. *People,* 7 Hill, 301; *People* v. *Murphy,* 212 Ill. 584.

No appeal or writ of error lies from a decision in *habeas corpus. Hammond* v. *People,* 32 Ill. 446; *Ex parte Thompson,* 93 id. 89; *Sullivan* v. *People,* 224 id. 468.

The writ of *certiorari* is a writ of review, where the subordinate court has acted without, or has exceeded, its jurisdiction. *Harris* v. *Barber,* 129 U. S. 366; *Doolittle* v. *Galena,* 14 Ill. 381; *Scates* v. *Railway Co.* 104 id. 93; *Hamilton* v. *Harwood,* 113 id. 154; 2 Spelling on Ex. Remedies, sec. 1915; 4 Ency. of Pl. & Pr. 37; *Supervisors* v. *Magoon,* 109 Ill. 142; *Glennon* v. *Britton,* 155 id. 237; *In re Crow,* 60 Wis. 40; *Wadsworth* v. *Sibley,* 38 id. 484; *In re Cooke,* 15 Pick. 234; *People* v. *Donnelly,* 21 How. 406; Tidd's Pr. 1134.

The writ of *certiorari* has not been prematurely issued in this case. *Glennon* v. *Britton,* 155 Ill. 232; *Hyslop* v. *Finch,* 99 id. 184; *State* v. *Dobson,* 135 Mo. 1; Harris on Certiorari, sec. 8; Bailey on Jurisdiction, sec. 414; *Brown* v. *Stimpson,* 2 Mass. 441; *Ex parte Alabama,* 10 L. R. A. 1129; *Martin* v. *District Court,* 86 Pac. Rep. 82; *People* v. *Donnelly,* 21 How. 406.

JOSEPH W. MOSES, for respondent:

The Supreme Court of Illinois has no jurisdiction of original proceedings for *certiorari,* but such jurisdiction can only be exercised as ancillary to and in aid of its jurisdiction on appeal or writ of error. *People* v. *Circuit Court,* 169 Ill. 201; 173 id. 272; *Campbell* v. *Campbell,* 22 id. 664.

The Supreme Court of Illinois, by section 2 of article 6 of the constitution of 1870, was given original jurisdiction

only in three classes of cases: Those relating to the revenue, in *mandamus* and in *habeas corpus,* and has appellate jurisdiction in all other cases. Const. art. 6, sec. 2; *Maxwell* v. *People,* 189 Ill. 547.

Under section 2 of article 6 of the constitution the Supreme Court, as one of the judicial departments of the government, can exercise only such powers as are expressly granted to it, and inasmuch as that section does not grant the power to issue the writ of *certiorari* in the exercise of an original jurisdiction, the proceedings at bar must fall. *Field* v. *People,* 2 Scam. 79; *Campbell* v. *Campbell,* 22 Ill. 644; *People* v. *Circuit Court,* 169 id. 201; 173 id. 272; *Hawes* v. *People,* 124 id. 560.

Original jurisdiction thus being conferred upon the Supreme Court in certain specified cases only, it cannot exercise original jurisdiction in cases not specified by the constitution. In all other cases than those specifically named its jurisdiction is appellate, only. ·*Campbell* v. *Campbell,* 22 Ill. 644; *People* v. *Circuit Court,* 173 id. 272.

*Certiorari* will only lie, as ʼto judicial bodies, in any event, to review their action where the court has proceeded to final judgment in a cause or matter over which it has no jurisdiction. It will not lie to review any error committed in the exercise of jurisdiction. *Hyslop* v. *Finch,* 99 Ill. 171; *White* v. *Wagar,* 185 id. 195; *People* v. *Lindblom,* 182 id. 241; *Glennon* v. *Burton,* 144 id. 551; *Gerdes* v. *Champion,* 108 id. 137.

A judgment in *habeas corpus* proceedings must be deemed final and not reviewable, and no review can take place even by means of the writ of *certiorari.* *Matter of Highway,* 18 N. J. L. 291; *State* v. *Shank,* 9 id. 107; *State* v. *Smith,* 21 id. 91; *Wertheimer* v. *Mayor,* 29 Mo. 255; *People* v. *Sherman,* 15 Hun, 579; *State* v. *Allen,* 11 N. J. L. 103; *Soller* v. *Township,* 67 Mich. 422; *Commonwealth* v. *Justice,* 34 Pa. St. 173; *Meadows* v. *Taylor,* 13 S. E. Rep. 155; *People* v. *Betts,* 55 N. Y. 602; *Coon* v. *Mason City,*

22 Ill. 666; *People* v. *Smith,* 51 id. 177; *Moore* v. *Mayfield,* 47 id. 167.

A petition for *certiorari* will be deemed to have been prematurely filed unless the court of inferior jurisdiction against which the writ is directed has proceeded to final judgment. *Glennon* v. *Burton,* 144 Ill. 551; *Gerdes* v. *Champion,* 108 id. 137; *Lynde* v. *Noble,* 20 Johns. 80.

*Certiorari* cannot be made to operate as an injunction to restrain an inferior tribunal from acting beyond its jurisdiction, however well grounded may be apprehensions in that respect, since the inferior tribunal must, in the first instance, pass upon and determine for itself the question of its own jurisdiction. *Sayres* v. *Superior Court,* 84 Cal. 642; *Glennon* v. *Burton,* 144 Ill. 551.

The superior court of Cook county is vested with original jurisdiction in *habeas corpus* proceedings both by the constitution and the statutes of the State of Illinois, and its jurisdiction in that class of cases is concurrent and co-ordinate with, if not greater than, that of the Supreme Court in *habeas corpus* proceedings. Const. of 1870, art. 6, secs. 6, 12; Hurd's Stat. 1905, chap. 37, secs. 8, 63; *People* v. *Bradley,* 60 Ill. 390; *People* v. *Murphy,* 212 id. 584.

The jurisdiction of the superior court of Cook county and of the Supreme Court being created by the same instrument, to-wit, the constitution of the State, and being, at most, concurrent and co-ordinate, that court which first acquired jurisdiction in *habeas corpus* will, under well settled principles, retain exclusive jurisdiction until the final determination of the cause. Its jurisdiction, when once invoked, is full, plenary and exclusive. Church on Habeas Corpus, sec. 265; 2 Spelling on Ex. Remedies, sec. 1911.

The superior court having original jurisdiction in *habeas corpus* cases under the constitution and the statutes, the jurisdiction to entertain and adjudicate a *habeas corpus* proceeding attaches, and is not affected or ousted by the question whether, upon a final hearing, that court determines

that upon the record presented to it the relator is not en-
titled to his discharge.  *People* v. *Lindblom,* 182 Ill. 241;
*In re Collier,* 6 Ohio St. 55;  *Hamilton* v. *Harwood,* 113
Ill. 154;  *Scates* v. *Railway Co.* 104 id. 90;  *Donohue* v.
*County of Will,* 100 id. 94; *Champlin* v. *Jackson,* 83 Pac.
Rep. 1017;  *State* v. *Simmons,* 87 S. W. Rep. 35;  *People*
v. *Liscomb,* 60 N. Y. 559.

The superior court of Cook county may grant a writ of
*habeas corpus* and discharge the relator whenever the judg-
ment upon which the relator is imprisoned is void for want
of jurisdiction of the court rendering it, irrespective of the
ground or cause of such invalidity.  *People* v. *Barrett,* 202
Ill. 287;  *People* v. *Murphy,* 188 id. 144;  *Ex parte Reed,*
10 Otto, 13;  *People* v. *Frye,* 100 N. Y. 25;  *People* v. *Lis-
comb,* 60 id. 559.

JOSEPH B. DAVID, for Ralph Lipsey:

. Though the Supreme Court of Illinois affirmed a judg-
ment of the criminal court of Cook county, *habeas corpus*
lies to release one imprisoned on such judgment if the
criminal court of Cook county was without jurisdiction to
enter such judgment or such judgment was void, and the
Supreme Court of Illinois did not pass upon or determine
whether such judgment was void or that the criminal court
of Cook county had jurisdiction, upon the record, to render
the judgment it did.  *Griffin* v. *Eaves,* 114 Ga. 65;  *In re
Patswald,* 5 Oak. 789.

*Habeas corpus* is the proper remedy to relieve one from
imprisonment on a void judgment or where one is impris-
oned for an act which does not amount to a crime, though
there may be a remedy by appeal or writ of error.  *People*
v. *Murphy,* 188 Ill. 144;  *People* v. *Barrett,* 202 id. 287;
*Ex parte Neet,* 157 Mo. 527;  *In re McVey,* 50 Neb. 481;
*In re Burns,* 113 Fed. Rep. 987;  *Mackey* v. *Muller,* 126 id.
161;  *Ex parte Brown,* 25 Fla. 214;  *Miskimmins* v. *Slover,*
8 Wyo. 392.

Where the verdict in a criminal case is one upon which no valid judgment can be entered, a court of review will not send the case back for another trial but will order the prisoner discharged. *People* v. *Tilley,* 67 Pac. Rep. 42; *O'Leary* v. *People,* 17 How. Pr. 317; *O'Connell* v. *State,* 55 Ga. 191; *Highland* v. *People,* 1 Scam. 392; *Sawyer* v. *People,* 3 Gilm. 54.

The criminal court of Cook county had no jurisdiction to sentence Lipsey to imprisonment on the verdict of the jury, in that upon the record it had no authority in the particular case to enter the particular judgment, and such judgment was not merely erroneous, but void. Jurisdiction of the person and of the subject matter means jurisdiction in the particular case to enter the particular judgment. *Ex parte Siebold,* 100 U. S. 371; *In re Bonner,* 151 id. 242; *In re Neilson,* 131 id. 176; *Ex parte Degner,* 30 Tex. App. 566; *In re Patswald,* 5 Oak. 789; *Tweed* v. *Liscomb,* 60 N. Y. 559; *Ex parte O'Brien,* 127 Mo. 478.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Ralph Lipsey was convicted at the February term, 1906, of the criminal court of Cook county, of receiving stolen property in violation of section 239 of chapter 38, Hurd's Revised Statutes of 1905, and the value of the goods was fixed at $210. He was sentenced to the penitentiary. Thereafter he sued out of this court a writ of error to review the record. On April 18, 1907, the judgment was affirmed, and he filed a petition for rehearing, which was denied on June 5, 1907. The mandate of this court issued, and he was taken to the penitentiary at Joliet to undergo imprisonment in accordance with the judgment of the criminal court. Thereafter, and on January 30, 1908, a petition was filed for and on behalf of Lipsey in the superior court of Cook county for a writ of *habeas corpus,* asking that such writ issue and be directed to the warden of the penitentiary. This petition was addressed to the Hon. Willard M. Mc-

Ewen, one of the judges of the superior court, and was duly presented to him. He made an order on the back of the petition directing the writ to issue, and providing that it should be returnable before him on February 8, 1908. Thereupon, and in accordance with that order, a writ of habeas corpus issued and was served upon the warden of the penitentiary on the 6th day of February, 1908, and on the same day he made return that he had complied with the writ by delivering the body of Lipsey into the custody of the sheriff of Cook county. It appears from the petition for the writ of habeas corpus that the theory upon which relief was sought by Lipsey was that the judgment of conviction was void, for the reason that the verdict was insufficient to warrant a judgment of conviction, and amounted, in law, to a verdict of not guilty. At the February term, 1908, of this court, and on February 7, 1908, the People of the State, at the relation of the Attorney General and of the State's attorney of the county of Cook, obtained leave to file a petition for a writ of certiorari, and the petition was filed on that day. It is averred by that petition that the superior court of Cook county and Judge McEwen were without jurisdiction of the subject matter of the petition for a writ of habeas corpus, and a writ of certiorari requiring the court and judge to send up the record was sought on that ground alone. The purpose of the relators was to obtain a judgment of this court quashing the proceedings in habeas corpus. The writ of certiorari was issued on February 7, 1908, and was served on February 8, 1908. After its issuance, and before its service, Judge McEwen, in the superior court, entered an order continuing the habeas corpus proceeding for a period of two weeks. Upon the service of the writ the judge, by counsel, appeared in this court, on behalf of himself and the said superior court, and moved to vacate the order granting leave to file the petition for writ of certiorari and to quash that writ. Thereupon, by agreement of parties and pursuant to an order of this court, he filed, on

behalf of himself and the superior court, a return to the writ of *certiorari,* setting forth the *habeas corpus* proceedings as above outlined. It was provided by the order of this court pursuant to which that return was filed, that the filing thereof should not prejudice the motion theretofore made by the respondent.

The first question for determination is whether or not the superior court, or any judge thereof, had jurisdiction to order the issuance of this particular writ of *habeas corpus.* It appears from the petition for that writ that Lipsey had sued out of this court a writ of error to review the proceedings of the criminal court and that the judgment of that court had been by this court affirmed. It also appears that the question of the sufficiency of the verdict returned by the jury in the case in the criminal court was not raised by assignment of error in this court when the case was brought here, and it is stated by that petition that neither Lipsey nor his attorney discovered the alleged insufficiency of the verdict until after the petition for rehearing which was filed in this court had been denied. It is urged in the brief filed in the present proceeding on behalf of Lipsey, that "if the judgment of the criminal court is void and the Supreme Court of Illinois did not decide that such judgment was valid, *habeas corpus* lies." It is true that the question as to the sufficiency of the verdict, and the validity of the judgment based thereon, was not specifically presented when the case was brought here by writ of error. It is also true that this question might then have been presented to and passed upon by this court had Lipsey seen fit to invoke the judgment of the court in reference thereto. The general rule is, when a judgment is affirmed by this court all questions raised by the assignments of error, and all questions that might have been so raised, are to be regarded as finally adjudicated against the appellant or plaintiff in error. A judgment or decree having been affirmed by this court must be regarded as free from all error. *Gould* v. *Sternberg,* 128 Ill. 510.

Counsel for Lipsey concedes this to be the general rule but insists that in criminal cases there is an exception, and that a question which goes to the validity of the judgment itself is not to be regarded as adjudicated against the prisoner unless that question was presented by an assignment of error. No authority is cited which expressly so holds. Counsel refers in this connection to the cases of *Griffin* v. *Eaves,* 114 Ga. 65, and *In re Patswald,* 5 Okla. 789. In the first of these cases the prisoner, Eaves, had been convicted of selling intoxicating liquors in Bartow county in violation of a general statute of the State, and the judgment of conviction had been affirmed by the Supreme Court of the State. In that court he had contended that the general statute had been rendered inoperative in Bartow county by a special act of the legislature. The Supreme Court refused to consider that question because it had not been properly raised in the *nisi prius* court. After the affirmance of the judgment by the Supreme Court the prisoner was discharged on *habeas corpus* by the superior court of Bartow county on the ground that the general statute had been so rendered inoperative. Thereupon the sheriff, against whom the writ of *habeas corpus* ran, sued out of the Supreme Court, as he lawfully might in that State, a writ of error to review the judgment in the *habeas corpus* case, and that court then held that if the general statute had, in fact, been rendered inoperative in that county by the later special act the prisoner could be rightfully discharged in *habeas corpus,* but reached the conclusion that the special act did not have that effect and reversed the judgment of discharge. That case is not in point, as the court held in the earlier case that the question of the effect of the special act could not be raised upon the record of the *nisi prius* court then presented to the Supreme Court. There is, however, language in the opinion in the later case (*Griffin* v. *Eaves, supra,*) from which it may perhaps be inferred that the Supreme Court of Georgia regarded the law on this point to be as counsel

for Lipsey contends it is.   In the Oklahoma case the pris-
oner was convicted of perjury and the judgment was af-
firmed by the Supreme Court.   Thereafter he began a *habeas
corpus* proceeding in the Supreme Court and was discharged,
but the court, in its opinion in the second case, states:   "The·
petitioner brings this proceeding to test the validity of the
judgment upon a question of jurisdiction not appearing in
the record upon the appeal."   The case is therefore without
significance.

In the absence of authority directly in point sustaining
counsel for the prisoner in the position taken by him, we
are not disposed to establish an exception heretofore un-
known to the law of this State to the general rule above
stated.   The judgment of this court affirming the conviction
of Lipsey must be regarded as an adjudication by this court
determining the judgment of conviction against him to be
valid.

It is true, as contended by counsel both for respondent
and for Lipsey, that circuit and superior courts, and the
judges of those courts, have concurrent jurisdiction with
this court in *habeas corpus* proceedings.   That fact, how-
ever, does not authorize either of those courts, or either of
such judges, to decide a question contrary to the way it has
been decided by this court.   When this court, in the exer-
cise of its appellate jurisdiction, has determined a question,
either of law or of fact, the matter is ended so far as the
circuit and superior courts, and the judges thereof, are con-
cerned, and they may not, by reason of the fact that their
jurisdiction in *habeas corpus* is concurrent with that of this
court, overrule or review such decision of this court dealing
with questions either of law or of fact.   When the petition
for the writ of *habeas corpus* was presented to Judge Mc-
Ewen it appeared therefrom that the judgment in the crimi-
nal case had been affirmed by this court, which, as we have
seen, was an adjudication that the·judgment of conviction
was a valid one, and while he had all the power and au-

thority in a *habeas corpus* proceeding that is vested in any other court or judge in the State, he was without power or authority to determine that the judgment in question was void, when, as a matter of law, this court had determined that it was valid. Not every document labeled a petition for a writ of *habeas corpus* is necessarily such a petition within the meaning of the law. A motion for a new trial or petition for rehearing concluding with a prayer for this great remedial writ does not become a petition for a writ of *habeas corpus* which authorizes the court to grant the writ, merely because the moving party sees fit to denominate the document a petition for a writ of *habeas corpus*. The practice and procedure in *habeas corpus* is fixed by chapter 65 of Hurd's Revised Statutes of 1905. The issuance of the writ upon the filing of the petition is not a mere matter of course. The writ should never issue unless a petition is presented which is in substantial accord and compliance with the provisions of the statute, and which shows upon its face that the petitioner is entitled to his discharge. Section 5 of that chapter (Hurd's Rev. Stat. 1905, p. 1136,) provides: "Unless it shall appear from the petition itself, or from the documents thereto annexed, that the party can neither be discharged, admitted to bail nor otherwise relieved, the court or judge shall forthwith award a writ of *habeas corpus*." In this case it appeared from the face of the petition for a writ of *habeas corpus* that the question thereby raised had, as a matter of law, been adjudicated against Lipsey by this court when his case was here on writ of error, and it therefore appeared from the petition that Lipsey, so far as imprisonment by virtue of that judgment was concerned, could not by the superior court, or any judge thereof, be discharged, admitted to bail or otherwise relieved, and for that reason the writ should not have issued.

It is contended, however, that even if this be true the superior court was not without jurisdiction; that, having general jurisdiction in *habeas corpus,* the court had the

power and authority to issue the writ even though the prisoner could not lawfully be discharged. We have held that jurisdiction is authority to hear and decide a cause, and that it does not depend upon the correctness of the decision made. (*People* v. *Talmadge,* 194 Ill. 67.) "Jurisdiction of the tribunal does not depend upon actual facts alleged, but upon authority to determine the existence or non-existence of such facts and to render judgment according to its findings." (Bailey on Jurisdiction, sec. 2.) The language last quoted seems to us to be accurate. Applying that statement of the law to this petition for·*habeas corpus,* it is apparent that the petition conferred no jurisdiction upon the superior court. The fact alleged·was that the judgment in the criminal case was void. It also appeared from the petition, as a matter of law, that this court, upon a writ of error, had determined that alleged fact to be untrue and had determined that the judgment was valid. That being the case, the superior court was without authority to determine the existence or the non-existence of the alleged fact. That question had already been determined by a tribunal whose finding the superior court had no authority to review. The superior court was, therefore, without jurisdiction in the premises and without right or power to order the issuance of the writ. *People* v. *Murphy,* 212 Ill. 584; *In re Williams,* 10 L. R. A. (N. S.) 1129; *Commonwealth* v. *Lecky,* 1 Watts, 67; *State* v. *Dobson,* 135 Mo. 1; *Martin* v. *District Court,* 37 Colo. 110; *Doyle* v. *Commonwealth,* 107 Pa. St. 20.

It is· contended, however, that the order· allowing the filing of the petition for the writ of *certiorari* should be vacated and the writ of *certiorari* issued from this court should be quashed, for the reason that this court is without jurisdiction in the case now at bar. We have no original jurisdiction in *certiorari.*

Section 8 of chapter 37, Hurd's Revised Statutes of 1905, provides in reference to the power of this court as

follows, to-wit: "It may issue writs of *mandamus, habeas corpus, certiorari,* error and *supersedeas,* and all other writs, not prohibited by law, which may be necessary to enforce the due administration of justice in all matters within its jurisdiction."

We may only direct the issuance of a writ of *certiorari* as auxiliary to, or ancillary to, or in aid of, or to protect, our appellate jurisdiction. "The office of the common law writ of *certiorari* is to bring before the court the proceedings of inferior tribunals or officers acting judicially in cases where they exceed their jurisdiction or where they proceed illegally and there is no appeal or other mode provided for directly reviewing their proceedings." (*Glennon* v. *Britton,* 155 Ill. 232.) It is apparent that the proceeding before Judge McEwen is one of the character that may here be reviewed by *certiorari,* as his determination in the matter may not be reviewed upon appeal or by writ of error, provided it can be said that the writ herein issued is auxiliary or ancillary to, or in aid of, or to protect, the appellate jurisdiction conferred upon this court by the constitution. Upon this proposition the respondent insists that the jurisdiction which was exercised in this cause is original; that the criminal cause is no longer pending in this court; that upon the affirmance of the judgment of the criminal court and the issuance of the mandate from this court the matter was ended so far as this tribunal is concerned; that in the punishment of Lipsey it is the judgment of the criminal court, and not the judgment of this court, that is being carried into effect, and that the jurisdiction in *certiorari* that is conferred upon this court by statute can only be exercised in aid of a proceeding, appellate in character, actually pending in this court. It is said that the case of *People* v. *Circuit Court of Cook County,* 169 Ill. 201, necessarily leads to this conclusion. That case dealt with the right and power of this court to issue a writ of prohibition, such jurisdiction as it has in reference to a writ of that character

being conferred upon it by the same section of the statute which authorizes it to issue writs of *certiorari.* It was there determined that this court was without power to order the issuance of a writ of prohibition directed against a circuit court for the purpose of preventing that court proceeding further in a cause which had not been brought to this court, and it was said the writ could only issue where appellate jurisdiction had been already acquired by this court in a pending suit. The argument is, that as the right to issue the writ of prohibition and the right to issue the writ of *certiorari* are conferred by the same section of the statute, and as the right to issue the one is conferred for the same general purposes as the right to issue the other, reasoning by analogy, the case just referred to leads to the conclusion that the writ of *certiorari* can only issue in aid of the appellate jurisdiction of this court in some case actually pending and undetermined in this court. In the case last referred to this court never had acquired appellate jurisdiction of the cause in reference to which the writ was sought, and it is manifest that nothing could be done in aid of the appellate jurisdiction of this court in a case in which that jurisdiction had never been invoked. In the criminal proceeding against Lipsey, however, our appellate jurisdiction has been invoked, and in that respect the case at bar is distinguished from the case last referred to.

Section 465 of chapter 38, Hurd's Revised Statutes of 1905, provides: "If the judgment is affirmed, the Supreme Court shall direct the court in which the original sentence was rendered to carry the same into effect, and shall give judgment against the plaintiff in error for costs, and execution may issue therefor, from the Supreme Court." The question is, may we issue the writ to prevent the unauthorized and illegal acts of a court or judge interfering with the execution of a judgment which we have affirmed and which we have directed the criminal court to carry into effect? Is such a use of the writ a use which is ancillary

or auxiliary to, or in aid of, or protective to, our appellate jurisdiction? No cases are cited which give us any substantial assistance in determining this question. Certain of those from other States to which we are referred by counsel for the relators, seem, upon a casual reading, to throw light upon the subject, but upon investigation, as pointed out by counsel for the respondent, it appears that they are from States where the constitutional and statutory provisions fixing the powers of the courts of last resort vary so widely from our own that the adjudications are not of value as authorities in this instance. It seems apparent that if, while the criminal case was pending here, the criminal court had entered a further judgment in the case, the result of which would have been to have rendered ineffective any judgment that might thereafter be entered by us, the proceedings of that court in entering such further judgment might properly have been reviewed by us on *certiorari* and quashed. Here we have affirmed the judgment of the criminal court and have directed that it be carried into effect. It seems illogical to say a writ of *certiorari* issued to preserve the status while the cause was here pending was issued for the purpose for which we might lawfully direct the issuance thereof as our power in the premises is above defined, but that a writ issued to prevent an interference with the execution of the judgment which we, in the exercise of our appellate jurisdiction, had directed should be carried into effect was not issued for the purpose for which we might so lawfully direct its issuance; that while the case is pending, and so long as the result is uncertain, this court may, by *certiorari,* prevent any disposition being made of the body of the prisoner that would render any judgment thereafter rendered nugatory, but that when this court has directed that the judgment itself shall be carried into effect the court is powerless to prevent any unauthorized and illegal interference therewith by an inferior tribunal. In our judgment, when we directed the criminal court to carry into effect the origi-

nal sentence, that court, and the agencies made use of by it in complying with our direction, became our agencies, and any unauthorized interference with them, or either of them, while executing that sentence, was an illegal infringement of our appellate jurisdiction. Under such circumstances a writ of *certiorari* may properly issue from this court in aid of and to protect the appellate jurisdiction of this court, and to prevent an unlawful interference with the execution of the sentence which this court has directed the criminal court to carry into effect.

It is also contended that in any event the writ was prematurely issued by this court because no final judgment or order had been entered by Judge McEwen, and for aught that appears the prisoner might be by him remanded, in which event, it is said, no necessity for the issuance of the writ would ever have existed. In *Hyslop* v. *Finch,* 99 Ill. 171, it was said: "A common law *certiorari* will lie, first, whenever it is shown that the inferior court or jurisdiction has exceeded its jurisdiction; second, whenever it is shown that the inferior court or jurisdiction has proceeded illegally and no appeal or writ of error will lie."

"This writ was issuable at common law before the proceedings instituted had culminated in a trial, order or judgment, and was based on the absence or the excess or usurpation of jurisdiction on the part of the tribunal from which the proceedings were removed." (*State* v. *Dobson, supra,* and authorities there cited.) Where, as in the case at bar, the tribunal whose proceedings are attacked acted without jurisdiction and made an order or entered a judgment prejudical to the party complaining, the writ may issue without awaiting a final judgment or order in the proceeding. Where, however, the tribunal possesses jurisdiction to hear and determine the cause the writ will not issue until the proceeding has terminated, and then only if it appear that the tribunal has entered an illegal judgment or order. In the latter instance the court has jurisdiction to proceed, and

no wrong is done unless an illegal determination is reached. In *Glennon* v. *Burton,* 144 Ill. 551, referred to by respondent, it was said: "It is nowhere asserted to be the law that *certiorari* will lie merely because proceedings have been begun before a tribunal that has no jurisdiction of them, when the tribunal has not taken final action upon them and has made no order which must, of itself, injuriously affect the party suing out the writ unless it shall be annulled by a court of review." In the present case respondent was without jurisdiction, the punishment of Lipsey was interfered with, and a wrong was done the people of the State when the warden, pursuant to the writ ordered by Judge Mc-Ewen, removed the prisoner from the penitentiary. In such instance the writ of *certiorari* issues without awaiting the final disposition of the matter.

The affirmance of a judgment of conviction by this court must, according to the law, be regarded by the judges of the circuit and superior courts as a final determination by this court; that there is in the record reviewed no error, and that the judgment is valid for aught that appears upon the record. Interference by *nisi prius* judges, exercising jurisdiction in *habeas corpus,* with the execution of such a judgment for any reason appearing upon the record of the case presented to the Supreme Court constitutes a wrongful infringement of the appellate jurisdiction of that court and tends to bring the courts of the State into disrepute.

The foregoing opinion disposes of this case as it is here presented. Nothing said or left unsaid is to be deemed an intimation that the superior court could rightfully have discharged Lipsey on *habeas corpus* if the criminal case had not come to this court and if the verdict was properly the subject of the criticisms leveled against it. The criminal court had jurisdiction of the offense with which Lipsey was charged and had jurisdiction of his person. It had jurisdiction to determine the sufficiency of the verdict and jurisdiction to enter the judgment which it did enter. (*Ex parte*

*Watkins,* 3 Pet. 193.)    By the entry of final judgment it adjudicated that verdict to be one which would support a judgment of conviction in the case.    The superior court is of concurrent jurisdiction, only, with the criminal court. Our view of the law with reference to the power of the superior court to discharge a prisoner on *habeas corpus* who is held pursuant to a judgment of the criminal court, which that court had the jurisdiction to enter, may be gleaned from the opinion in *People* v. *Murphy, supra.*

The record of the proceedings before Judge McEwen and the record of the superior court in the *habeas corpus* case will be quashed.    If Lipsey is still in the custody of the sheriff of Cook county, the warden has the power, and it is his duty, forthwith to take him, Lipsey, and return him to the penitentiary, there to undergo imprisonment pursuant to law, and it is the duty of the sheriff to deliver Lipsey to the warden that he (Lipsey) may be so returned.

· <em>Record quashed.</em>