Norma M. Barden, Plaintiff-Appellant, *v.* Junior College District No. 520 of the State of Illinois *et al.,* Defendants-Appellees.

(No. 70-130; )

Third District—July 13, 1971.

J. Edward Jones, of Blue Island, for appellant.

Donald D. Zeglis, of Momence, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Kankakee County, Illinois.

The plaintiff was employed by the defendant junior college as a member of the faculty under a written contract for the period of August 15, 1969, to June 30, 1970. Following a closed meeting of the College Board on February 16, 1970, which the plaintiff attended, her contract of employment was terminated at a public meeting of the Board of the college on February 23, 1970. Plaintiff thereupon filed a petition for issuance of a writ of common law *Certiorari* to the Board of the Junior College District No. 520. The court entered an order denying the petition and from this order the plaintiff appeals.

██ We need not concern ourselves as to whether the defendant board's action was proper or improper. Nor is it necessary that a determination be made as to whether the defendant board is an inferior tribunal which lacked jurisdiction, exceeded its jurisdiction or proceeded illegally as far as plaintiff is concerned. The trial court was correct in its finding that a writ of *Certiorari* is not a proper remedy where another adequate remedy is available. (*People v. Wilkinson,* 13 Ill. 600.) The office of the writ is only to bring before the court issuing it the record of the inferior tribunal for review; and it is elementary that the party suing out the writ shall have no other mode of review. *Glennon v.*

*Burton,* 144 Ill. 551, 33 N.E. 23. See I.L.P., Vol. 7, *Certiorari,* Sec. 6, page 172.

■■ The plaintiff has an adequate remedy since she can bring a suit at law for breach of contract, at which time her case can be tried on its merits and if she is so entitled she would be awarded damages. Thus denying plaintiff's petition for writ of *Certiorari* does not leave plaintiff without a means of exercising her rights, and is therefore not inconsistent with due process of law under the Constitution of the United States and the State of Illinois.

It is therefore the opinion of this court that the order of the circuit court of Kankakee County should be affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.