### In re JOHN CALLAHAN.

No. A-2322.   Opinion Filed October 14, 1914.

Application for writ of habeas corpus. Writ denied.

W. B. Clark and B. C. Weick, for petitioner.

W. T. McBride, and John S. Burger, Co. Atty., for respondent.

Doyle, J. This is an application for writ of habeas corpus by John Callahan, who alleges that he is illegally restrained of his liberty and is unlawfully imprisoned by one Hugh Johnson, sheriff of Kay county. The petition, signed and verified by his oath, avers:

"That the cause of said restraint, according to the best knowledge and belief of your petitioner, is that this petitioner is a fugitive from

Cr. 11—21

justice from the state of Kansas. Your petitioner alleges that he is restrained of his liberty without due process of law and that said restraint is illegal and unlawful, because, at the January, 1910, term of the district court in and for the county of Sumner, state of Kansas, he was convicted of the crime of burglary, and that during said term he was sentenced to the penitentiary of the state of Kansas by said court for a term of not less than five years, nor more than ten years; that he duly appealed from said conviction and sentence to the supreme court of the state of Kansas, and that said conviction and sentence was on the 5th day of November, 1910, duly affirmed by said supreme court and that its mandate was then issued to said district court of Sumner county, Kansas, on which said mandate a commitment was duly issued to the sheriff of said Sumner county, directing and ordering him to take your petitioner into custody and to convey him to the state penitentiary at Lansing, Kansas, to serve his said sentence.

Your petitioner further shows that on or about the_____day of September, 1910, and while his said appeal was pending in the supreme court of the state of Kansas, he was indicted in the United States district court of Kansas, for unlawfully and feloniously receiving and retaining on or about the _____day of August, 1910, in his possession, with intent to convert to his own use and gain, certain postage stamps, described in said indictment; that a warrant was duly issued for his arrest under said indictment and by virtue of said warrant and in September, 1910, he was placed under arrest and taken into custody by the United States marshal for the district of Kansas, and failing to furnish bail, as ordered, was confined in the county jail of Sedgwick county, Kansas, by order of said United States district court, to await his trial on said indictment.

Your petitioner further shows that on or about the_____day of March, 1911, he was brought before the United States district court, at Wichita, Kansas, and over his protest and objection, was forced to trial in said court, on the indictment found against him and hereinbefore mentioned; that your petitioner was on the_____day of March, 1911, adjudged guilty of the charge as set out in said indictment, and was on the_____day of March, 1911, sentenced to confinement in the United States penitentiary at Leavenworth, Kansas, and placed in confinement therein and was so confined until January 24, 1914, when he was released from said penitentiary, and placed in custody of the sheriff of said Sumner county, under the commitment hereinabove referred to.

Your petitioner further shows that said commitment has long since spent its force, and is now of no force or effect, and that the said sheriff and all other officers of said Sumner county, Kansas, have forfeited all right, if any they had, to the custody of the person of your petitioner, under and by virtue of said commitment above mentioned.

Your petitioner further shows that when he was so placed in the custody of the sheriff of Sumner county, Kansas, under said commitment, and on the 26th day of January, 1914, he immediately filed his petition on the probate court of Leavenworth county, Kansas, and before the judge thereof, the district judge of said Leavenworth county being then absent from said county, and said probate court being a court of competent jurisdiction to try and determine said cause, praying for a writ of habeas corpus, directed against the said sheriff of Sumner county, Kansas, and that on the said 26th day of January, 1914, a hearing was duly had in said court on said petition and that after a full, fair and impartial hearing, said writ was by the said court duly granted and a judgment rendered, discharging this petitioner from the unlawful restraint and custody of the said sheriff, from which said judgment the

state of Kansas duly perfected an appeal to the district court of said county and that said appeal is now pending and has never been disposed of. Your petitioner further shows that until the appeal of the state of Kansas from the judgment of the probate court of Leavenworth county, Kansas, as aforesaid, is disposed of, can your petitioner in any sense be a fugitive from justice.

Wherefore, to be relieved of said unlawful detention and imprisonment, your petitioner prays that a writ of habeas corpus be directed to said Hugh Johnson, sheriff of said Kay county, Oklahoma, may issue in his behalf so that your petitioner may forthwith be brought before this court to do, submit to and receive what the law may direct.''

Attached to said petition as a part thereof is a certified copy of the journal entry of judgment of the probate court of Leavenworth county Kansas, as entered in the habeas corpus proceeding on January 26, 1914. The writ was issued by the presiding judge. The return made thereto by the sheriff of Kay county shows that the petitioner is detained in his custody under and by virtue of the authority of a warrant of requisition duly issued by Lee Cruce, Governor, on the 18th day of August, 1914, the same being issued on a requisition of the Governor of Kansas. Said return is in part as follows:

''Afterwards and on said 26th day of January, 1914, an order was made by said probate court of Leavenworth county, as set out in the application of the petitioner herein, discharging said Callahan from the custody of said sheriff and permitting him to go at large. That at the time of said hearing and discharge of said Callahan said J. M. Lingemfelter, sheriff, was holding said Callahan in custody upon process issued upon a final judgment of the district court of Sumner county, Kansas, and of the supreme court of the state of Kansas, each of which courts were courts of competent jurisdiction in such cases, and that the statutes of the state of Kansas, relating to proceedings in habeas corpus provided as follows: 'No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody or discharge him when the term of commitment has not expired in either of the following cases: First. Upon process issued by any court or judge of the United States, or where such court or judge has exclusive jurisdiction. Second. Upon any process issued on any final judgment of a court of competent jurisdiction. Third_____. Fourth. Upon any warrant or commitment issued from the district coutr or any other court of competent jurisdiction upon any indictment or information.' (Gen Stat. Kansas 1909, sec 6295.)''

That the application of said John Callahan, petitioner, for a writ of habeas corpus in said proceeding in the probate court of Leavenworth county, and the return to the writ issued on said application, by J. M. Lingemfelter, as sheriff of Sumner county, Kansas, show on their face that the probate court of Leavenworth county, Kansas, had no power, authority or jurisdiction, under the laws of the state of Kansas, to inquire into the legality of the judgment or process whereby the said John Callahan was in the custody of said J. M. Lingemfelter, as sheriff of Sumner county, Kansas, and said pretended habeas corpus proceedings, and the order of the court therein, discharging him from custody of said J. M. Lingemfelter, sheriff, and permitting him to go at large are and were absolutely null and void and without any legal force or effect. and are and were all in defiance of the district court of Sumner county, Kansas, and the supreme court of the state of Kansas, and due and legal process issued upon said final judgment.

Said respondent hereto attaches as part of this return true and correct copies of the application for writ of habeas corpus of the peti-

tioner John Callahan and of the writ of habeas corpus and the return
of said writ of habeas corpus by J. M. Lingenfelter sheriff, and of the
journal entry of judgment of the court, in the proceedings in said pro-
bate court of Leavenworth county, Kansas, on the 26th day of January,
1914, respectively marked exhibits A, B, C and D.

Respondent further shows that said John Callahan, petitioner, still
refused and failed to surrender himself into the custody of the sheriff
of Sumner county, Kansas, to abide the further orders of the district
court of said county concerning him, as required and commanded to do
by said mandate of the supreme court, and prevented the sheriff of said
Sumner county, Kansas, from taking him into his custody, by concealing
himself from said sheriff and by other unwarranted and illegal methods;
and on the 30th day of March, 1914, the county attorney of Sumner
county, Kansas, filed in the district court of Sumner county, Kansas,
in the case of the state of Kansas v. John Callahan, et al., defendants,
being case No. 1077, on the criminal appearance docket of said court,
and the case in which said John Callahan was sentenced to the peniten-
tiary of the state of Kansas, as aforesaid, which case was at that time
still pending in said district court of Sumner county, Kansas, his verified
application to the court for an order directing the clerk of said district
court to issue a warrant directed to the sheriff of Sumner county, Kansas,
commanding him to arrest and take into his custody said John Callahan
and bring him before said court to abide the further order of said court
concerning him, in pursuance of said mandate of said supreme court in
said case, and an order and judgment was on the said 30th day of March,
1914, entered in said district court of Sumner county, Kansas, in said
case, directing the clerk to issue a warrant to the sheriff of Sumner
county, Kansas, directing him to arrest and bring said John Callahan
before said district court for such orders concerning him as might be
made by said court in pursuance of said mandate of said Supreme Court.
Said warrant was duly issued and on the 14th day of April 1914 the
sheriff of Sumner county, Kansas, executed said warrant by arresting
said John Callahan and bringing him before the district court of Sumner
county, Kansas.

That on said 14th day of April, 1914, said John Callahan in open
court made application for a continuance of the hearing of said matter
before said court, and it was ordered by the court that the hearing on
said matter be and the same was continued to the 20th day of April,
1914, and said John Callahan was remanded to the custody of the sheriff
of said Sumner county, Kansas, to be continued in the county jail of
said county until the said 20th day of April, 1914. That on the 20th
day of April, 1914, at an adjourned day of the regular January, 1914,
term of said court, said John Callahan was personally brought before
said district court of Sumner county, Kansas, by the sheriff of said
county in pursuance of said order of the court made on the 14th day of
April, 1914, and his attorney, S. A. Buckland, appeared at said time, and
thereupon in open court and at the request of said John Callahan it was
ordered by the court that the hearing on said matter be and the same was
continued to the 24th day of April, 1914, before the court, and it was
further ordered that the custody of said John Callahan remain with the
sheriff of Sumner county, Kansas, at the county jail of Sumner county
until the 24th day of April, 1914.

That said John Callahan remained in the custody of said sheriff of
Sumner county under said order of said district court from the 20th day
of April, 1914, to the 29th day of April, 1914.

That on the 24th day of April, 1914, and before said sheriff could
take said Callahan before said district court in obedience to said order

of said court made on the 20th day of April, 1914, said sheriff, J. M. Lingenfelter was served with a writ of habeas corpus from the district court of the United States, district of Kansas, for the first division, directing him to produce said John Callahan before said United States district court at Kansas City, Kansas, on the 28th day of April, 1914.

That on said 28th day of April, 1914, said J. M. Lingemfelter as such sheriff produced said John Callahan personally in said United States district court before Hon. John C. Pollock, District Judge, and a hearing was had therein, and said John Callahan still remained in the custody of said J. M. Lingemfelter as such sheriff, and on the 6th day of May, 1914, an order was made in said United States District Court by Hon. John C. Pollock, United States District Judge, that no further proceedings be had in the case, and upon application of said petitioner, John Callahan, it was further ordered that the petition theretofore filed in said proceeding might be withdrawn from the records of said court. A true and correct copy of the order of said court duly certified, is hereto attached, marked exhibit E, and made a part of this return.

Respondent further says that on the 29th day of April, 1914, and while said J. M. Lingenfelter, sheriff, was returning from the said United States District Court at Kansas City, Kansas. with said John Callahan in his custody, to the jail of Sumner county, Kansas, and while passing through the city of Wichita, in Sedgwick county, Kansas, said John Callahan caused a writ of habeas corpus to be issued by the probate court of Sedgwick county, Kansas, commanding said sheriff of Sumner county to bring said John Callahan forthwith before said court.

That in obedience to said order said sheriff took said John Callahan before said probate court of Sedgewick, county Kansas, on said day, and a hearing in said habeas corpus proceeding was by said court, by various orders continued in said probate court until the 19th day of May, 1914, and by order of said probate court said John Callahan was released from the custody of the sheriff of said Sumner county upon his giving a bond in the sum of one thousand dollars, and was permitted to go at large.

That afterwards and on the 19th day of May, 1914, an order was made in said habeas corpus proceeding by the probate court of Sedgwick county, Kansas, dismissing said habeas corpus proceedings and remanding said Callahan to the custody of the sheriff of Sumner county, Kansas. That said John Callahan failed and refused to appear before said probate court of said Sedgewick county, Kansas, on said 19th day of May, 1914, in said habeas corpus proceedings, and thereupon the bond of one thousand dollars given by said John Callahan for his appearance before said probate court on said day was duly forfeited.

True and correct copies of the application of said John Callahan for a writ of habeas corpus, and of the writ of habeas corpus and of the judgment of the court in said habeas corpus proceedings in the probate court of Sedgwick county, Kansas, each duly certified, are hereto attached marked exhibits F, G and H.

That after said 19th day of May, 1914, said John Callahan fled from the state of Kansas, and went to the state of Oklahoma, and he was found by the sheriff of Sumner county, Kansas, in the state of Oklahoma ,at Ponca City, in Kay county, and arrested as a fugitive from justice by the sheriff of said Kay county on the 15th day of August, 1914, and at the time of his arrest and for some time before that date, he had been in Ponca City going under the assumed name of John Wood, as respondent is informed.

Respondent further shows that said John Callahan, petitioner, has at all times failed and refused to deliver himself to the custody of said sheriff or to go before said district court of Sumner county, Kansas.

to abide the further orders of said district court concerning him, as commanded by said mandate of the Supreme Court of the state of Kansas. That said John Callahan has prevented the sheriff of Sumner county, Kansas, from taking him into custody by concealing himself from said sheriff and fleeing from the state of Kansas; that said John Callahan has not served any part of the judgment and sentence passed upon him by the district court of Sumner county Kansas and which was affirmed by the Supreme Court of the state of Kansas and said judgment and sentence is still in full force and effect and the term for which said John Callahan was sentenced has not yet expired, and the term of the commitment and process and order of said district court and said Supreme Ccurt in the hands of said sheriff of Sumner county have not yet expired, and no order of the district court or of the Supreme Court of said state of Kansas has been made releasing said John Callahan from said judgment and sentence and no pardon or parole has been granted to said John Callahan by the Governor of the state of Kansas for said offense for which he was sentenced as aforesaid.

Wherefore, said respondent, Hugh Johnson, having fully answered and shown his authority for holding said John Callahan in custody, does hereby request and demand that said John Callahan be not discharged from custody by this court, but that he be by this court remanded to the custody of respondent under the terms of the process in the possession of said respondent, that he may be turned over to J. M. Lingemfelter, the agent of the state of Kansas, named in said warrant of the Governor of the state of Oklahoma, to be taken to the state of Kansas, there to be dealt with in the courts of the state of Kansas, where his case is still pending and over which said courts have full jurisdiction, and that said writ of habeas corpus be denied.''

It is claimed on the part of the petitioner that he is not a fugitive from justice; that he having been discharged by the probate court of Leavenworth county on proceedings in habeas corpus such judgment must be regarded as final and conclusive, and is not subject to review or reversal by a higher court. Yates v. the People, 6th Johns, 377; In re Jilz, 64 Mo. 205, 21 Cyc. 349.

Counsel for respondent contend that under the statutes of the state of Kansas, sec. 6295 Gen. Stat. 1909, already quoted, that the probate court of Leavenworth county was without jurisdiction, power or authority to discharge the petitioner from the custody of the sheriff. Petitioner had not served any part of the sentence; the time of his imprisonment had not expired, he had not been pardoned or paroled, there was no order of the district court, or the Supreme Court suspending or remitting the sentence, the sentence was still in full force and effect, that this is shown on the face of the papers. Where the papers on their face show that the court has not the power under the law to discharge, the order of discharge is a nullity and void. People v. Superior Court, 234 Ill. 186; 84 N. E. 875; 14 Ann. Cases, 753. People v. Zimmer 252 Ill. 9, 96 N. E. 529; In re Petitt, 84 Kan. 637.

He claims that the district court had the inherent power to issue its warrant to have him brought before the court to show cause why the judgment had not been performed, that it cannot be assumed that the district court of Sumner county, Kansas, will not make such orders in said case, upon the appearance of the defendant before the court, as are legal, just and right, or that the Supreme Court of the state of Kansas will not in a proper proceeding correct any error that may be made by the district court.

It is our opinion that the questions presented should be passed upon and determined by the courts of the state of Kansas, in which it would

appear they are now pending decision. It must be assumed that the petitioner may obtain all the protection to which he may be entitled in the courts of the state. We do not think that this court would be justified in passing upon the questions presented further than to decide whether or not the petitioner is a fugitive from justice. We are of the opinion that the petitioner is a fugitive from justice on the proceedings now pending in the district court of Sumner county, Kansas. This in itself is sufficient to make it the duty of this court to discharge the writ and remand the petitioner, leaving the question of the lawfulness of his detention to be inquired into and determined by the courts of the state of which he is a citizen. The writ will, therefore, be discharged, and the petitioner remanded to the custody of the respondent.

Armstrong, P. J., and Furman, J., concur.